## FRANK JOLIVA *vs.* J. L. KAULUKOU.

### EXCEPTIONS FROM APRIL TERM, 1889.

### JULY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

No bond was filed with motion for a new trial as required in Section 1156 C. L., and Rule VIII. Held, that the motion should not have been entertained by the Court.

The bond filed with the bill of exceptions was made to the Clerk and was for fifty dollars, the verdict being for one hundred dollars.

Held, that the bond should have been made to the appellee and not to the Clerk. Also that the amount of the bond (fifty dollars) was inadequate, and should have been for the amount of the judgment and fifty dollars added for costs.

### OPINION OF THE COURT, BY BICKERTON, J.

This case came on for trial at the April Term, 1889, before Mr. Justice Dole and a mixed jury, on the 24th April, 1889. The jury returned a verdict for the plaintiff for $100, to which verdict the defendant by his counsel excepted as being contrary to the law and the weight of evidence and gave notice of motion for a new trial.

On the 27th of April, 1889, the defendant filed a motion for a new trial on the ground named in the exceptions taken to the verdict.

Said motion was overruled and exceptions noted and allowed. The matter now comes here on a bill of exceptions allowed by the presiding Justice at the said term.

Counsel for the plaintiff claims that defendant has not per-
fected his appeal in this matter according to the statute in such
matters and the rules of Court.

That the bond is irregular, the same being made to the Clerk,
when it should have been made to the appellee, and that the
amount of the bond, fifty dollars, is inadequate on the ground
that the amount of the judgment in favor of the plaintiff is one
hundred dollars.

The bond to the Clerk was for costs and would not be avail-
able to the plaintiff in case of damages sustained.

That there was no bond filed with the motion for a new trial,
and the motion should not have been entertained.

Defendant's counsel replies that the matter of appeal was
wholly in the hands of his client Mr. Kaulukou, and the case
was submitted without argument on his part.

We are of opinion that the last point made by the plaintiff's
counsel is in itself fatal to this case. Section 1156 of the Com-
piled Laws, and also Subdivision B. Rule VIII. of the Rules of
Court, provide that on the filing of a motion for a new trial,
there shall also be filed a sufficient bond of security, conditioned
for the payment of all costs of motion in case the party fail to
sustain the same, and that he will not to the detriment of the
other party in the action, remove or otherwise dispose of any
property he may have liable to execution on such judgment.

In this case it is evident no bond as required was filed with
the motion, and the motion should not have been entertained
by the Court, who overruled the motion *pro forma* and did not
enquire as to the bond.

The motion not being in order, there can be no exception to
the ruling of the Court.

This should dispose of the case, but we will consider the
other points raised. First: That the bond filed with the bill
of exceptions should have been made to the appellee and not to
the Clerk. The Clerk looks to the plaintiff, who is responsible
for all costs. The Clerk has no interest in the disposition of
the defendant's property. The party in whose favor the verdict

is, is the only party interested; and in our opinion the bond should be made to the appellee. Second: That the amount of the bond (fifty dollars) is inadequate. The verdict in this case was for $100. The bond certainly should not be for less than the amount of the judgment, with fifty dollars added for costs. A bond for less than one hundred and fifty dollars in this case is certainly inadequate.

The exceptions are dismissed.

*W. A Whiting,* for plaintiff.

*A. Rosa,* for defendant.

---

### CONCURRING OPINION OF DOLE, J.

I agree with the majority of the Court, that the exceptions should be dismissed upon the ground that no bond for costs and against disposal of property was filed by defendant with his motion for a new trial; this is required by the statute and must be considered to be essential to proceeding on the motion.

As to the point that the bond, which was filed with the exceptions to the ruling upon the motion, should have been made in favor of the plaintiff, and should cover both the amount of the judgment and further costs, I am in some doubt. The statute is silent in the matter, and the rule of Court requires a bond for costs only. Perhaps it would be somewhat severe to deprive a litigant of his further chances under his exceptions, when, as in this case, he is within the letter of the rule.