*A. S. Hartwell* and *C. W. Ashford*, for respondents.

---

## T. B. MURRAY *vs.* J. F. COLBURN.

### EXCEPTIONS.

HEARING, MARCH 21, 1894.          DECISION, APRIL 5, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Upon appeal from a District to a Circuit Court, the bond for costs to accrue should be to the Clerk of the Court and not to the appellee.

OPINION OF THE COURT, BY FREAR, J.

This case cames up on exceptions to a ruling of the Circuit Court dismissing defendant's appeal from the District Court of Honolulu on the ground that the appeal bond was made payable to the plaintiff instead of to the clerk of the Court. The statute (Sec. 68, Ch. LVII., Laws 1892) calls for a "sufficient bond" for "costs further to accrue" without designating to whom it should be made payable. It seems to us that the obligee of a bond for costs should be the person to whom the costs are payable, namely, the clerk of the Court. Such has long been the practice here under the former rules

of the Supreme and Circuit Courts, and although there is not at present any rule designating who the obligee should be in bonds given on appeal to the Circuit Court, as there is in cases appealed to the Supreme Court, yet on general principles, in the absence of statute or rule to the contrary, a bond should be made payable to the party who is to be secured. This seems to have been the view taken in *Nakuaimano vs. Achoi*, 5 Haw., 591, where the Court said that the bond for costs to accrue filed on exceptions to an order denying or granting a motion for a new trial should be made payable to the clerk of the Court, and not to the plaintiff. But in *Joliva vs. Kaulukou*, 7 Haw., 731, the majority of the Court, without referring to *Nakuaimano vs. Achoi*, expressed an opinion that such bond should be to the appellee. This view, however, was based on the assumption that such bond should be conditioned against disposition of defendant's property as well as for payment of costs, in which case it ought to have been to the plaintiff since he was the party chiefly interested, and only one bond was required by the rule. In *Kaheana vs. Nalimu*, 8 Haw., 227, the Court, referring to *Joliva vs. Kaulukou*, said that the bond filed with a motion for a new trial, which, if filed by a defendant against whom a verdict had been rendered, was required to be conditioned against disposition of property as well as for payment of costs, should be "to the appellee and not to the clerk, as the bond for costs may be." In this case and also in *Kaniku vs. Monsarrat*, 8 Haw., 229, in which also reference was made to *Joliva vs. Kaulukou*, the Court were of the opinion that the bond might properly be made to the appellee although, under the peculiar circumstances of those cases, the condition against disposition of property was deemed unnecessary.

The remarks of the Court upon this subject in most of these cases were of the nature of *obiter dicta*, the drift of which, however, is that where a bond to secure costs alone is required by statute or rule of Court it should be made to the clerk, but where it is required for security against disposi-

tion of property as well as for payment of costs, it should be to the appellee, even though particular circumstances may make the insertion of the first of these conditions unnecessary, as where the judgment is for the possession of land only without damages. This rule secures uniformity and certainty in practice and should be adhered to. The bond in this case being held insufficient, the irregularity could not be remedied by allowing a proper bond to be substituted. The filing of a proper bond within the proper time is a statutory requirement, which cannot be set aside in the discretion of the Court.

The exceptions are overruled.

*E. Johnson*, for plaintiff.

*C. Creighton*, for defendant.