SARAH PHILLIPS, M. GREEN and M. PHILLIPS, partners under the name of M. PHILLIPS & CO. *v.* LEE CHONG, LEE LET, LEE TAI, LEE YOUNG, LEE TUN, LEE PENG, WONG SHUEY KING and YOUNG TONG, partners under the name of THE LUN CHONG COMPANY, defendants, and J. H. Fisher, Garnishee.

## SAME *v.* SAME.

APPEAL FROM SECOND DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED JUNE 12, 1902.          DECIDED JUNE 25, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

When an appeal bond is made out to the court instead of to the clerk, the remedy is not to dismiss the appeal but to order an amendment of the bond, under Civ. L., § 1459.

Points of law on appeal from a District Magistrate held set out with sufficient clearness under the circumstances.

*Lewers & Cooke v. Redhouse, ante* 290, followed as to the splitting of

claims so as to bring them within the jurisdiction of a District Magistrate.

When a claim is split for such purpose, the proper course is to show in the second action that the claim has been adjudicated in the first action, and not to object to the jurisdiction of the court on the ground that the claim sued on is only a part of a larger claim, irrespective of whether the balance has been adjudicated or sued on.

OPINION OF THE COURT BY FREAR, C.J.

These are two actions of assumpsit between the same parties. Similar questions being involved in both cases, they were heard together in this Court.

The plaintiffs first moved that the appeal be dismissed on the grounds (1) that the appeal bond ran to the Supreme Court instead of to the Clerk, and (2) that it was not stated clearly and concisely in the appeal what adverse rulings were appealed from.

This motion was overruled at the hearing so far as the first ground was concerned and the defendants were ordered to file an amended bond. Civ. L. §§ 1459, 1460; *Wright v. Brown*, 11 Haw. 401; *Murray v. Colburn*, 9 Haw. 424.

As to the other ground, the certificate of appeal in the first case sets out with ordinary clearness and conciseness several points of law upon which the appeal is taken. In the second case, it refers for the points of law to an annexed paper. This paper sets forth briefly a statement of the facts, the action taken by the defendants and the ruling of the Magistrate in respect of each of several questions that were raised in the case, without stating briefly in general terms the mere propositions of law relied on by the defendants. This was sufficient. The points of law appear more clearly than they did in *Hamburg v. Namura*, 13 Haw. 702, in which the statement of the points of law was held sufficient.

Several questions were raised upon the merits. One is that the Magistrate was without jurisdiction because the claim exceeded the amount of $300, the limit of his jurisdiction. It seems that the actions were for $201.53 and $176 respectively

(besides interest and costs), these being the totals of different parts of a single continuous running account for goods sold and delivered. The defendants first presented a plea in bar which was overruled. So far as appears there was nothing at that stage in either case to show that the amount sued for was only a part of a larger claim. Upon the plaintiffs' closing in the first case, the defendants moved for a nonsuit on the ground that the court had no jurisdiction, as the account sued on was only a part of a larger continuous account exceeding $300, and that the plaintiffs had not waived the balance. In the second case it was stipulated that the evidence and plea in bar, as it is called, would be the same as in the first, thus placing the two cases upon the same footing. Defendants' counsel in his brief emphasizes the contention that the Magistrate was absolutely without jurisdiction because, although a part of the claim might have been waived, it was not waived, and the total account exceeded $300. This contention was made in the lower court, as it is here, in each case entirely irrespective of the question whether the balance had been sued upon in the other case or whether judgment had been given for a part of the entire account in one case.

In *Lewers & Cooke, Ltd., v. Redhouse, ante* 290, we have just decided that, although an entire claim like that here involved cannot be split for the purpose of bringing different actions on the different parts within the jurisdiction of an inferior court, yet the bringing of an action on a part is not forbidden, but merely bars the right to bring another action on the balance of the claim, on the principle that the whole claim will be deemed to have been settled in the first action, the part not sued for therein being deemed to have been waived. Accordingly the Magistrate had jurisdiction in the first of these actions and the proper course for the defendants to have pursued was to plead or show in the second action that the whole claim had been settled in the first action.

But the defendants did not do that. They merely objected in the second action that the Magistrate did not have jurisdiction, because the claim sued on was a part only of a larger

claim exceeding $300, and irrespective of whether the rest of
the claim had been adjudicated or even sued on in the first case.
The Magistrate had jurisdiction of the second action even
though the claim which was the subject of that action had been
previously adjudicated. It was the defendants' privilege to
plead the previous adjudication or not, as they pleased. They
did not do so. If they had done so, the Magistrate would not
have lost jurisdiction. He could not dismiss the case for want
of jurisdiction. He would retain jurisdiction but give judg-
ment for the defendants on the merits of the case on the ground
that the proofs showed that nothing was owing by them to the
plaintiffs. We make no point as to whether the defendants
made the proper motion—whether it should have been for dis-
missal, nonsuit or judgment. The point is this: The defendants
moved for a nonsuit on one ground. The Magistrate decided
that he could not grant a nonsuit on that ground. In that he did
not err. The defendants did not ask for it on any other ground.
It was at their option to do so or not.

As to the garnishee, it is contended first that the evidence
does not show that the partnership to which the garnishee was
indebted was the same as that composed of the defendants here-
in. The evidence is not clear on this point but probably would
justify the Magistrate's finding of identity as a fact. However,
it is unnecessary to decide this. For, it is further contended,
and in our opinion correctly, that under our statute of garnish-
ment a debt owing by a third party to a defendant which did
not accrue until after service of process upon the garnishee,
which was the case here, cannot be held. Such is the general
rule elsewhere, but that is of little consequence when we con-
sider the variety of statutes on this subject. Under some
statutes it is held that debts accruing between service and an-
swer may be held. Our own statute is very uncertain and to
some extent inconsistent on this point. The most important
references in the statute to the time when the debt must be
owing, taken by themselves, would seem clearly to apply only
to such debts as are owing, though not necessarily payable, at
the time of service. The statute starts out (Civ. L., § 1710) by

giving the right to garnish "when debts are due from any person to a debtor," not "when debts are likely to become due," and in the same section it provides that "from the time of" service, "every debt due from such debtor to the defendant, shall be secured," &c., and in the next section that, "if such debtor shall not pay to the officer, when demanded, the debt due to the defendant at the time the copy of the writ was left with him, such * * * debtor shall be liable," &c. In section 1720 the garnishee is permitted to come in and be examined before the return day, instead of at the return day, in which case, of course, he could not be held as to any debts that might accrue thereafter but before the hearing. But in section 1710 it is provided that he shall be summoned to "disclose whether he has, or at the time said copy was served, had any of the goods," &c. "or is indebted," and in the two following sections there are similar uses of the present tense with reference to the time of disclosure. But perhaps these can be explained in connection with the other clauses on the theory that, as the debt was to be secured from the time of service, it was assumed that a disclosure of debts owing at the time of examination would disclose debts at the time of service or at least aid in ascertaining what debts there were then. The use of the present tense with reference to the time of disclosure cannot be taken literally, for that would carry us too far, as, for instance, in the provision at the end of § 1712, that if the disclosure shows that the garnishee "is not so indebted, then judgment shall be given for him." If that meant not indebted at the time of examination only, it would enable the garnishee to defeat the object of the statute by payment of his debt after service but before examination. But, as already pointed out, the only positive provision of the statute for holding a debt in case one is disclosed, is that in § 1711, which makes the garnishee actually liable only as to "the debt due to the defendant at the time the copy of the writ was left with him."

The judgment is affirmed as against the defendants and reversed as against the garnishee, and the latter is discharged.

*Peterson & Matthewman* for plaintiffs.

*Russell & Watson* for defendants.

*Robertson & Wilder* for the garnishee.