---

## DECISIONS AT CHAMBERS.

---

HARM HAK SAE *v.* THE HONORABLE ALEXANDER LINDSAY, SECOND JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF THE TERRITORY OF HAWAII, AND YEE NAI SOO.

ORIGINAL.

ARGUED OCTOBER 7, 1907.     DECIDED OCTOBER 9, 1907.

BEFORE HARTWELL, C.J., AT CHAMBERS.

PROHIBITION—*writ of.*

A writ of prohibition will issue only "on the ground that the cognizance of the said cause does not belong to such court, or that the cause or some collateral matter arising therein is

beyond its jurisdiction, or that it is not competent to decide it.˙'
Sec. 2023 R. L.

NEW TRIAL—*bond to satisfy judgment.*

The filing of a bond to satisfy judgment with a motion for
new trial is not required by Act 83, S. L. 1907, in order to
authorize the court to entertain the motion.

## OPINION.

The plaintiff, having obtained a judgment in an action on a
promissory note written in Korean characters, took out execu-
tion which was levied by the officer, when the defendant within
ten days after entry of the judgment filed a motion to vacate the
judgment and for a new trial on the ground, as shown by an
affidavit, that the note, when correctly translated, showed that
he was not its maker but a witness to the signature of the maker.
A new trial was ordered but the judgment has not been vacated
and no bond has been filed by the defendant "conditioned for
the payment of the full amount for which such execution was
issued in case the judgment should not be reversed or set aside
on any appeal." Act 83 S. L. 1907. Thereupon the plaintiff
brought a petition for a writ of prohibition to prohibit the new
trial, upon the filing of which petition an order to show cause
was made. The cause shown is that the motion was filed within
the time provided by law, that a bond was given as required by
law and that the judge had jurisdiction to hear and determine
the motion and to order a new trial.

The bond filed with the motion was conditioned for payment
by the defendant of costs further to accrue in case he should be
defeated and that he would not to the detriment of the plaintiff
remove or otherwise dispose of any property he might have
liable to execution, and would have operated as a stay of execu-
tion were it not for the proviso in the statute requiring that
when execution shall have issued the bond be conditioned for
payment of the amount for which it was issued in case the judg-
ment should not be reversed. The effect of the failure to file

the required bond would be that the officer would go on and sell under the execution upon receiving a bond of indemnity, if he should demand it.

Prior to the amendment of Secs. 1804 and 1805 R. L. by Act 36 S. L. 1905, and Act 83 S. L. 1907, a bond was required to be filed with a motion for a new trial, or "the motion should not have been entertained by the court." *Joliva v. Kaulukou*, 7 Haw. 732. The denial of the motion, when not accompanied by the requisite bond, was ground for dismissing a bill of exceptions to the denial. *Gonsalves v. Brito*, 8 Ib. 255. "A sufficient bond not having been filed, the court below had no jurisdiction to entertain the motion for a new trial." *Ferreira v. H. R. T. & L. Co.*, 16 Ib. 797. "The defendants' failure to file the required bond within the ten days prescribed by the statute was fatal unless it was waived by the plaintiff." *Territory v. Cotton Bros.*, 17 Ib. 380. Before the statute was amended the statutory power of the trial court to grant a new trial "for any cause for which by law a new trial may and ought to be granted" was limited to cases in which the party against whom the judgment was rendered files a sufficient bond conditioned for payment of costs of the motion, if he fails to sustain it, and that he would not to the plaintiff's detriment dispose of any property liable to execution, and in which he had given the opposite party notice of the motion and the grounds thereof.

The statute, as amended, does not appear to limit the power of the court to order a new trial. It is silent upon the subject merely referring to the effect of a bond to pay the judgment in staying an execution which has been issued. I am inclined to think that a bond to satisfy the judgment is not essential to the exercise by the court of its jurisdiction to entertain a motion for a new trial, although upon proper application by the plaintiff the bond might perhaps be required.

But there are other grounds for denying the writ, which our statute defines as a mandate "directed to the judge and the party suing in any inferior court, forbidding them to proceed

any further in the cause, on the ground that the cognizance of the said cause does not belong to such court, or that the cause or some collateral matter arising therein is beyond its jurisdiction, or that it is not competent to decide it." Sec. 3023 R. L. California decisions, which allow the writ if "the adequacy of the remedy by appeal in any case is an open question," are under a code provision that the writ lies where there have been proceedings "without or in excess" of jurisdiction and there "is not a plain, speedy and adequate remedy in the ordinary course of the law." 2 Spelling's Extraordinary Relief, Sec. 1730. If the statutes under which similar decisions have been made in other states are like the statute of California they are not applicable to cases arising under our statute. *Gould v. Capper,* 5 East 345, appears to extend the writ to cases in which there is a remedy by appeal or error in order to prevent "the mischief of misconstruction," but this is not the doctrine of the United States Supreme Court. "Although a writ of prohibition will lie to an inferior court, when it is acting manifestly beyond its jurisdiction, such writ will issue only where there is no other remedy. *Smith v. Whitney,* 116 U. S. 167; *In re Cooper,* 143 U. S. 472, 495; *In re Rice,* 155 U. S. 396, 403; *In re New York &c. Steamship Company,* 155 U. S. 523, 531." *Eclipse Bicycle Company v. Farrow,* 199 U. S. 580. See also *State v. Price,* 8 N. J. L. 358.

The plaintiff, if wronged, has his remedy by exception or error, which is exclusive in this case, the granting of the motion not being beyond the jurisdiction of the circuit court.

Writ denied.

*G. A. Davis* for petitioner.

*Magoon & Lightfoot* for defendant.