## JOHN KAHAKA KAHEPU v. CHARLES E. KING.

## No. 1168.

### MOTION TO QUASH WRIT OF ERROR.

ARGUED SEPTEMBER 22, 1919.          DECIDED SEPTEMBER 24, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE FRANKLIN
IN PLACE OF COKE, C. J., ABSENT.

*Per Curiam*: This matter comes before us upon a motion of the defendant in error to quash the writ of error issued herein upon the ground that the bond filed is not in compliance with section 2527 R. L. 1915, which provides: "No writ of error shall issue until * * * a bond has been filed with the clerk in favor of the prevailing party in the proceeding in which the error is alleged to have occurred, or his personal representatives, conditioned for the payment of the judgment in said original cause in case of failure to sustain the writ of error."

So much of the bond filed herein as is necessary for an understanding of the question here involved is as follows:

"Now therefore, in consideration of the premises, we the undersigned, do hereby acknowledge ourselves jointly and severally bound unto the said Charles E. King, and to his heirs and assigns in the sum of three thousand one hundred ($3100.00) dollars for the faithful performance of the following conditions, viz:

"That the said plaintiff shall pay all costs and damages caused the said defendant by virtue of the stay of the said alias execution and the proceedings thereto, if the said plaintiff shall not be successful in said writ of error in the supreme court of the Territory of Hawaii, in the above entitled cause.

"That the plaintiff shall if defeated in said proceedings in error, pay all costs of court accrued and to accrue in the above entitled cause, and that the said plain-

tiff will not, pending said writ of error on appeal, remove or dispose of his property liable to execution."

It will be seen that the condition of the bond required by the statute should be for the payment of the judgment in said original cause in case of failure to sustain the writ of error. The plaintiff in error admits that the bond filed does not contain that provision but has argued that inasmuch as the bond filed obligates him to pay all costs and damages caused the said defendant by virtue of the stay of execution that he has in effect obligated himself to pay the judgment in the original cause.

We think, however, that the damages which the plaintiff in error has obligated himself to pay are limited by what follows, namely, the costs and damages caused by the stay of execution, and can in no sense be construed as obligating him to pay the judgment in the original cause. In 2 R. C. L. at page 313 it is said: "A condition frequently encountered in appeal bonds is one providing for the payment of all damages resulting from the appeal. Such a provision includes only such damages as are the natural and proximate result and does not necessarily require the payment of the judgment recovered." If such a provision as that mentioned in the quotation above does not include payment of the judgment recovered we cannot see how the provision in the bond before us could be held to include payment of the judgment.

It does not follow, however, from the fact that the bond in question is insufficient that the writ of error should be dismissed. Section 2536 R. L. 1915 provides that "No * * * appeal or writ of error shall be dismissed for any informality or insufficiency of any bond, unless upon neglect of the party filing such bond to comply with an order of a court or judge having jurisdiction directing an amendment of such bond to be made or a new

bond to be filed within a specified time, not less than twenty-four hours." From this it would seem that it is obligatory upon us to first enter an order requiring the plaintiff in error to file a proper bond within a time to be fixed in said order and that a dismissal of the writ will be ordered only upon failure of the plaintiff in error to comply with such order. *Phillips* v. *Lun Chong Co.,* 14 Haw. 295.

The motion to quash the writ of error is therefore overruled and the plaintiff in error is ordered to file a properly conditioned and otherwise sufficient bond on or before the sixth day of October, 1919.

*N. W. Aluli* for the motion.

*J. S. Ferry* contra.