## HONOLULU PAPER COMPANY, LIMITED, *v.* FREDERICK K. MAKINO AND MICHIE MAKINO.

### No. 2190.

Argued January 14, 1935.        Decided February 16, 1935.

*Per Curiam.* This is a motion to dismiss an appeal. The ground of the motion is that the bond deposited does not comply with the statute and is therefore in the purview of the law no bond. Section 2509, R. L. 1925, which relates to appeals to this court from circuit judges at chambers, provides among other things that the appellant must within a specified time "deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment

of the costs further to accrue in case he is defeated in the appellate court."

The objections raised to the bond are, first, that it runs to "Arthur Restarick, clerk of the circuit court, first judicial circuit, Territory of Hawaii," instead of to the clerk of the supreme court and to his successors in office; second, that the justification of the surety is insufficient, and third, that it contains only one surety.

It must be conceded that the first and second objections are well taken. The bond should under section 2539, R. L. 1925, have run to the clerk of the supreme court and his successors. Neither does the justification of the surety meet the requirements of section 161, R. L. 1925, as amended by Act 163, L. 1931. This verification is as follows: "Gladys K. Bent, surety in the above and foregoing obligation, being first duly sworn on her oath, deposes and says: That she is worth in property situated in the Territory of Hawaii more than the sum of fifty dollars ($50.00) named in the foregoing bond, over and above all just debts and encumbrances." The justification required by the statute is that "there shall be attached to such bond or undertaking an affidavit of each of the sureties thereon, duly verified by oath, from which it shall appear that the sureties have property situate within the Territory subject to execution and that the sureties taken together are worth in such property the amount of the penalty specified in the bond or undertaking, over and above all of their debts and liabilities." There is no recital in the affidavit of the surety that she has property subject to execution over and above all her debts and liabilities, nor is the language used equivalent to that in the statute. These two defects in the bond are, however, not necessarily fatal to the appeal. Section 2538, R. L. 1925, provides: "No motion for a new trial, bill of exceptions, appeal or writ of error shall be dismissed for any infor-

mality or insufficiency of any bond, unless upon neglect of the party filing such bond to comply with an order of a court or judge having jurisdiction directing an amendment of such bond to be made or a new bond to be filed within a specified time, not less than twenty-four hours."

In *Kahepu* v. *King*, 25 Haw. 137, the court had before it a motion to quash a writ of error on the ground that the bond required by the statute had not been filed. The condition of the bond that was filed was that the plaintiff in error would pay all costs and damages in the event he was not successful in the supreme court. It was conceded that this was not a compliance with the statute which required the condition to be that the plaintiff in error would pay the judgment in the original cause. The court held that the defect was not fatal to the writ and that its insufficiency was curable by filing a new bond. The defects in the bond before us are certainly not any more serious than that which appeared in the bond in the *Kahepu* case.

In *Phillips* v *Lun Chong Co.*, 14 Haw. 295, an amendment was allowed to an appeal bond which ran to the supreme court when under the statute it should have run to the clerk of the supreme court and his successors in office.

The next objection interposed to the bond is that there is only one surety. This objection cannot be sustained. Section 2509, *supra,* contains nothing regarding sureties. It may be assumed, however, that in requiring a *sufficient* bond the legislature intended that the obligation of the principal should be adequately guaranteed. In *Henry Waterhouse Trust Co.* v. *Rawlins, ante* p. 265, the court had before it a motion to dismiss a writ of error on the ground that the bond had only one surety, which was an individual. It was contended by the movant that under section 161, R. L. 1925, as amended by Act 163, L. 1931,

more than one surety was essential. It was held, however, that this was not a proper construction of the statute and that one surety, although an individual, was sufficient if he possessed the necessary financial qualifications. The reasoning of the court in construing section 161 is just as applicable to an appeal bond as it is to a writ of error bond. It is true the court said, "What is said here is confined solely to construction of the requirements of section 2529 and has no application to other sections of the statute, some of which expressly provide that two or more sureties are necessary." It is evident, however, that the court intended merely to exclude bonds in which by statute more than one surety is necessary and did not intend to exclude bonds which are required on appeal.

The motion to dismiss the appeal is therefore overruled and the appellant is ordered to file a properly conditioned and otherwise sufficient bond on or before February 19, 1935.

M. K. Ashford (F. E. Thompson with her on the brief) for the motion.

B. S. Ulrich (also on the brief) contra.