ROBERT HILL BOLMAN *v.* NEVADA HAYWARD JOHNSON AND FRANCIS M. BROOKS, JUDGE OF THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII, DIVISION OF DOMESTIC RELATIONS.

No. 2512.

ARGUED FEBRUARY 20, 1942.          DECIDED MARCH 6, 1942.

BEFORE KEMP, C. J., AT CHAMBERS.

OPINION.

On December 19, 1934, in the circuit court of the first judicial circuit, division of domestic relations, a decree of absolute divorce was made and entered in favor of Robert Hill Bolman (hereinafter referred to as the libelant) against his wife, Nevada Hayward Bolman (hereinafter referred to as the libelee). The libel on which said decree of divorce was granted disclosed that there was issue of said marriage, a minor daughter, Gay Bolman, three and one-half years of age, but the decree is silent as to the custody, care and maintenance of said minor.

Thereafter, on August 6, 1941, the libelee in said divorce decree (now Nevada Hayward Johnson) filed in

said court and cause a petition for modification of said decree. The prayer was for an order awarding to her the custody of her minor daughter, Gay Bolman, and that libelant be required to pay to libelee $85 per month for the care, maintenance and education of said minor child, and for the payment of a reasonable attorney's fee. Said peti-. tion disclosed that the libelant has abandoned his former domicile in the Territory and is now domiciled in Los Angeles, California, where said petition and an order to show cause were served upon him. It also disclosed that the libelee is domiciled in Honolulu and that said minor, Gay Bolman, is now and has been since June, 1939, residing with her in Honolulu.

On September 23, 1941, the libelant appeared specially by his attorneys and moved that the petition to modify the decree be dismissed on the ground that the circuit court had no jurisdiction over the libelant, against whom a money judgment is prayed, or over Gay Bolman, whose custody, support and maintenance is the subject matter of said petition.

No formal order has been entered in the circuit court overruling libelant's contention that said court does not have jurisdiction of the person of the libelant or the subject matter of the petition for modification of the decree of divorce, but it is alleged that on October 27, 1941, the circuit judge made an oral ruling to the effect that said circuit court and he, the judge of said circuit court, has jurisdiction to enter an order or decree as to the custody of said minor child.

Thereafter, on February 16, 1942, the libelant filed his petition for a writ of prohibition, addressed to the chief justice of the supreme court, alleging the matters above set forth and praying that a temporary writ issue prohibiting the said circuit judge and the said libelee from in any manner whatsoever taking cognizance of said cause and from

hearing or entering any order or decree on said petition of libelee to modify decree.

Upon the filing of the petition the chief justice authorized the issuance of a temporary writ of prohibition as prayed. An order to show cause also issued and was served upon said circuit judge and said libelee.

The libelee has demurred to the sufficiency of the petition to entitle petitioner to the relief prayed for, it appearing from the petition that the respondent, Nevada Hayward Johnson, and the minor, Gay Bolman, are now and since June, 1939, have at all times been residents of Honolulu, within the jurisdiction of said circuit court. The chief justice set the demurrer down for argument before himself instead of before the court.

At the hearing on the demurrer before the chief justice, it was stipulated by counsel that prior to the filing of the petition for the writ of prohibition the prayer of the petition for modification of decree had been amended by withdrawing that part of the prayer for an order requiring the libelant to pay to the libelee $85 per month for the care, maintenance and education of said minor child, whereupon counsel for the libelee requested and was granted leave to present an oral motion to quash the temporary writ and argue the two motions together.

Counsel for the libelant has challenged the authority of a single justice to rule upon the demurrer and, presumably, the motion to quash the temporary writ, contending that exclusive jurisdiction is vested in the supreme court and not in the single justice who authorized the temporary writ.

Many prohibition proceedings have been instituted in this court but the procedure has not been uniform. In a great majority of the cases a temporary writ has issued upon the order of a single justice, as was done in this case. In some cases, however, no temporary writ issued but an

order to show cause was issued, returnable to the court. In only one case, *Harh Hak Sae* v. *Lindsay,* 18 Haw. 666, was the order to show cause made returnable before a single justice and in that case the chief justice, after a hearing on the merits, refused to issue the writ. In the instant case it is not contended that the matters presented to the chief justice cannot properly be referred to the court, but respondent has argued that under our statute the court and the justice who authorized the temporary writ have concurrent jurisdiction to hear and determine the matter.

The chief justice believes that even if his jurisdiction were conceded, the issues involved merit consideration by the court and therefore declines to act either upon the demurrer or the motion to quash the temporary writ, and hereby orders them transferred to the court, where it will be in order for the parties to present such further pleadings and arguments as they think proper.

*G. M. Nowell* for petitioner.

*J. R. Cades* for respondent.