### ARTHUR COWTON vs. ISAAC ANDERSON, JR.

Where a defendant suffers judgment to be taken against him by default, on a promissory note, which defendant alleges was given *for money won at play,* and consequently void under the statute against gaming; he can not succeed to set aside the default and judgment, on a motion afterwards, on the ground that the note was void under the statute ; he must avail himself of his defence by pleading.

*Motion by defendant to set aside default and all subsequent proceedings, or for a perpetual stay of execution thereon.*—Assumpsit on a promissory note ; judgment entered by default against defendant January 2, 1845, for $557·24 damages and costs; 4th February execution was issued to sheriff of Westchester, and defendant's real estate advertised for sale. The ground of the application was, that the note on which the judgment in this cause was recovered was given by defendant *for money won at play,* and was therefore void under the statute against gaming. No excuse was shown by the defendant for not having pleaded the statute in bar of a recovery, or having put in his defence in proper time.

N. B. BLUNT, *Defts Counsel.*  A. L. BROWN, *Defts Atty.*

J. NEWLAND, *Plffs Counsel.*  A. B. BELKNAP, *Plffs Atty.*

BRONSON, Chief Justice.—The fact that the note was given for money won at play, does not take it out of the general rule, that a party must

put in his defence at the proper time of pleading, and not suffer a default to be taken against him. The defendant shows no excuse for not having availed himself of his defence by pleading. The motion must be denied with costs.

Rule accordingly.