AMERICAN BREWING COMPANY v. JERGENS.

[No. 2,744.    Filed February 17, 1899.]

JUDGMENTS.—*Setting Aside Default.—Excuse.*—One seeking relief from a judgment by default, under section 339, Burns' R. S. 1894, must not only show that he has a meritorious defense, but must show a sufficient excuse under the statute for suffering the default. *pp. 597, 598.*

SAME.—*Setting Aside Default.—Excuse.*—A statement made to defendant's attorney by the deputy clerk that his case was set for trial

on a certain day of the term, and that no advantage could be taken of defendant before such time, is not a sufficient excuse, under section 339, Burns' R. S. 1894, to justify the court in setting aside a judgment entered by default before the day set for trial, where there had been no appearance and no issues made in the cause. *pp. 598, 599.*

From the Lake Superior Court.    *Affirmed.*

*Milo M. Bruce, Otto J: Bruce* and *James A. O'Donnell,* for appellant.

*Wilber B. Reading* and *Virgil S. Reiter,* for appellee.

HENLEY, J.—This was an action brought by appellant, under section 399, Burns' R. S. 1894, to set aside a judgment rendered against it by default. The motion and affidavit disclose the following facts, as relied upon by appellant to secure the setting aside of the judgment: That on the 7th day of January, 1898, the appellee recovered a judgment by default against appellant for $247; that the default was taken by appellee on the 5th day of January, 1898; that appellant, by its agents and attorneys, was present at the court-room and at the clerk's office of the Lake Superior Court at Hammond, Indiana, on Monday, December 27, 1897, at 9 o'clock a. m., ready for trial in said cause; that one Frank Hess was in charge of the clerk's office and the papers in said office; and that said Hess informed the attorneys and agents of appellant that the clerk of said court was at Crown Point, Indiana, and that the court had adjourned, and would not meet again until the 3rd day of January, 1898, and that the clerk of said court would not be in Hammond until that time, and that appellant could not enter its appearance in said cause for the reason that the court was not in session, and on account of the clerk's absence; but that the cause was set for trial on Monday, January 17, 1898, and

that it would be time enough then for appellant to appear; that the said Hess, at said time, showed to appellant's attorneys and agents a typewritten trial calendar which was attached to the judge's desk in said court room, upon which calendar said cause was set for trial on the 17th day of January, 1898; that said Hess further informed said parties that appellant could be represented in court on the day the cause was set for trial, and that no advantage could be taken of appellant prior to that time; that appellant's attorneys and agents relied upon the information given them by said Hess, and returned to the city of Chicago, where they resided; that the affiant is the agent of appellant in the conduct of defendant's business in the district in which Hammond, Indiana, is situated, and intended to come to Hammond on the 3rd day of January, 1898, to engage a certain firm of lawyers residing in said city to attend to said suit, but that he was delayed and was unable to be present at such time on account of being a witness in various other suits in which appellant was a party, and which were on trial at said time in the courts of Cook county, Illinois, and said agent was unable to get to Hammond for said reason until the 7th day of January, 1898, when for the first time he learned of the default and judgment entered against appellant, whereupon he took immediate steps to notify appellant and to engage attorneys to represent its interests. It is also alleged in said affidavit that appellant has a meritorious defense to the entire claim and demand of the plaintiff in said action. This defense is fully and completely set out in the affidavit and motion to set aside the judgment.

There is no doubt but that appellant has set out in his affidavit a meritorious defense to appellee's

cause of action, but a meritorious defense will avail nothing if a sufficient excuse, under the statute, is not shown for suffering the default. *Heaton* v. *Peterson*, 6 Ind. App. 1. It has been uniformly held by the Supreme Court and by this Court that where a party to an action, upon a proper showing, asks relief, under the statute, from a judgment taken against him "through mistake, inadvertence, surprise, or excusable neglect," it is the imperative duty of the court to grant the relief. *Smith* v. *Noe*, 30 **Ind.** 117; *Phelps* v. *Osgood*, 34 Ind. 150; *Bush* v. *Bush*, 46 Ind. 71; *Cavanaugh, Adm.*, v. *Toledo, etc., R. Co.*, 49 Ind. 149; *Decker* v. *Graves*, 10 Ind. App. 25; *Dallin* v. *McIvor*, 12 Ind. App. 150.

The motion and affidavit of appellant was filed on the 12th day of January, 1898, five days before the time set for the trial of the cause, as appeared from the trial calendar, which was posted in a public place in the court room where the cause was pending. The whole trouble in this case grows out of the fact that appellant never appeared to this action, and appellee properly asked and had a default entered against it. It was of no consequence to appellant when appellee should appear and produce the proof upon which the court could render judgment, because the allegations of appellee's complaint were in no way denied or avoided by appellant. If the cause had been at issue and set for trial upon a certain day, we are inclined to think that appellant could have relied upon the statement of the man in charge of the books at the clerk's office, and could have relied on the date set down in the trial calendar as being the date when the cause would be tried. Attorneys know that causes cannot be tried until an issue is made; and a statement made to appellant's attorneys by the clerk of the court or his

deputy to the effect that it would not be necessary for them to appear or take any steps in the cause until the day set for the trial would not be binding upon appellee, and would not be such a statement as would in any manner excuse appellant's neglect. See *Baltimore, etc., R. Co.* v. *Eggers,* 139 Ind. 26. So far as it appears by the record, the summons was properly served, and the court obtained complete jurisdiction of appellant. We do not think the court erred in refusing to set aside the default and judgment upon the showing made by appellant.

The judgment is affirmed.