No. 57. J. J. BYRNE v. ORPHEUM COMPANY, LIMITED. Appeal from order of the first judge of the first circuit court, at chambers. Submitted December 5, 1904. Decided December 27, 1904. This was an action of assumpsit on defendant's promissory notes in the circuit court of the first circuit. Summons issued December 15, 1903; service of process December 16; answer filed January 6, 1904, being twenty-one days after service, no order of default having been then entered or moved for. January 7 the plaintiff filed in the circuit court of the first judicial circuit, at chambers, his motion for an order of default based upon a certificate of the clerk dated January 6 that more than twenty days had elapsed since service on the defendant, and that defendant had not "filed any pleading or papers other than a document called an answer entitled in this court and cause and reading as follows: 'And now comes the said defendant the Orpheum Company, Ltd., by C. W. Ashford, its attorney, and denies each and every, all and singular the allegations contained in plaintiff's declaration on file herein.' Dated this 6th day of January, 1904. (Sgd.) C. W. Ashford, attorney for defendant." January 9 the first judge of the circuit court, at chambers, made and filed an order reciting that

"plaintiff's claim is based upon certain promissory notes made by defendant and that defendant has not, nor has any one on its behalf filed within the time allowed by law any pleading in conformity with law, the so-called answer filed on January 6, 1904, not being such as is required," and ordering that defendant "is declared in default and the clerk of this court is hereby authorized to assess the amount of plaintiff's claim, principal, damages and to enter up judgment therefor and for the costs." The defendant then asked leave to file a verified answer which the court denied. Judgment accordingly was entered January 11. The defendant appealed from the foregoing order, ruling and judgment. Per curiam: The defendant's contention that section 1145, C. L., as amended by act 32, Laws of 1903, pp. 203, 204, repeals by implication the provisions of sections 1242, 1243 and 1244, C. L., is not sustained, the amended section not purporting to be exclusive and the sections referred to being in no respect inconsistent therewith. The order of default was authorized by the showing made, and it does not appear that in refusing to open the default there was any abuse of discretion, no meritorious defense having been suggested other than a verified answer. The appeal is dismissed. *Thayer & Hemenway* for plaintiff. *C. W. Ashford* for defendant.