## R. E. BOND *v.* HAWAIIAN GAZETTE COMPANY, LIMITED, AN HAWAIIAN CORPORATION.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 4, 1914.                    DECIDED MARCH 13, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

JUDGMENT—*opening default.*

An order of default should be set aside and defendant permitted, upon reasonable terms, to defend, when he has made application therefor immediately after expiration of the time to answer and when he shows a defense on the merits, a reasonable excuse for his failure to answer and the absence of prejudice to plaintiff.

OPINION OF THE COURT BY PERRY, J.

This is an action for $25,000 damages for the publication of an alleged libellous article in a newspaper printed and published by the defendant. The declaration was filed and the summons issued and served on October 13, 1913. On November 1, within the twenty days named in the summons for appearance, the defendant filed a motion to strike out the whole of the second count of the declaration on the ground that it was "a substantial reiteration of the matters alleged in the first count". The motion having been in the meantime argued and denied, the defendant on November 4 filed a demurrer, which was overruled on January 7, 1914, the same order providing that the defendant have "up to and including the 17th day of January, 1914, in which to answer or otherwise plead." On the day following the defendant filed a motion that the plaintiff be required to file a bill of particulars intended to render the allegations of the declaration more specific in certain respects in the motion named at length. The motion was based upon the ground that "the defendant cannot intelligently and reasonably prepare its defense without the information sought" and was accompanied by notice that it would be heard on January 13. At the request of counsel for the plaintiff hearing of the motion

was continued until the 17th. On the day last named counsel for defendant, being engaged in another court, requested, with the consent of plaintiff's attorneys, that the hearing be further continued until the 19th, but for the convenience of the court the matter was ordered continued until the 24th. On the 19th, upon application of plaintiff based upon the fact that the defendant had not filed an answer or other pleading, the court made an order declaring that the defendant was in default. On the following day the defendant filed a motion to open and set aside the default, upon the grounds, among others, that the order was improvidently made during the pendency of the motion for a bill of particulars and that the failure to answer was due to "inadvertence and excusable neglect." The motion to reopen was denied and an interlocutory exception to the ruling and order was taken and allowed.

The effect of the order declaring the defendant in default was, while the defendant is still privileged to cross-examine plaintiff's witnesses and to address the jury in mitigation of damages, to debar it from the right to answer or to adduce other evidence in its defense. R. L., §§1730, 1731. The statute, however, provides that "the court or judge shall have power * * * to open the default, in their discretion, for good and sufficient reasons." R. L. §1730. To justify the opening of a default, the applicant must show a sufficient excuse for being in default and also that he had a good and meritorious defense to the action.

Referring to the second point first, it is insufficient to state in support of the application that the party " 'has a good and meritorious defense' without setting out what it is so that the court can judge whether it is meritorious". *Ayers* v. *Mahuka,* 9 Haw. 377, 379. The affidavits must disclose the facts relied upon in defense. Ib. 379. These requirements were sufficiently complied with in the case at bar. In an affidavit by a member of the firm of Andrews & Quarles it is deposed that "the defendant in this case employed the firm of Andrews &

Quarles to represent it"; that affiant "has fully investigated the facts, circumstances and evidence in this cause and obtained all of the information within the possession of the agents and officers of the defendant corporation, has conversed with witnesses and that in his opinion the defendant has a good and meritorious defense to the plaintiff's said cause of action based upon the evidence in said cause, sustaining, in the opinion of affiant, the following facts: That the said publication was made by the defendant in good faith as a matter of public news and upon information received by it which its officers and agents believed to be reliable; that the facts set forth in said alleged libelous publication touching the cashing of said certified check mentioned therein by the plaintiff was true and that such check was cashed by him under the circumstances mentioned in said publication; that said Garcia, mentioned therein, and the plaintiff had an altercation about the same and that the facts mentioned in said alleged libelous publication as to the threats of the said Murphy to have the plaintiff arrested are true and that the said alleged publication did not intentionally misrepresent the plaintiff in any particular and did substantially state the case truthfully and that said publication was made without malice." It is conceded, and is clear, that the facts thus offered to be proved would constitute a good defense in mitigation of damages. The objection that the affidavit is insufficient because it is not made by an officer of the defendant corporation or by its reporter or other employee or agent who wrote the article claimed to be libellous, is not sustained. Upon an application like that under consideration it is not necessary to detail the evidence claimed to support the defense or to present the affidavits of the very witnesses who will, if permitted, give the evidence. It is sufficient to show by any credible evidence that a *bona fide* defense exists and what the facts relied upon are in order that the court may determine for itself that they constitute a good defense in law. The affidavit of Mr. Quarles, a sworn officer of this court, satisfies these requirements.

In the affidavit in support of the motion it is further set forth that the defendant "has at all times been ready and willing to plead to the plaintiff's declaration herein, but has for the reasons stated in said motion for a bill of particulars and in the affidavit in support thereof been unable to fully answer the said declaration with justice to the defendant and its defense until the said motion for a bill of particulars should have been passed upon, and that counsel has been diligent therein, even to the extent of partly preparing an answer long before the said demurrer had been passed upon, and finding in the preparation of said answer that without certain particulars called for in said motion for a bill of particulars counsel was unable to prepare the said answer in such manner as it should be prepared." The facts are undisputed. It is clear that the defendant has a good and meritorious defense in mitigation of damages, that it has been diligent at every former stage of the proceedings and that its attorneys believed that they could not with justice to their client's rights prepare its answer without first obtaining the information asked for in the motion for a bill of particulars and further believed that until the latter motion was disposed of their client would not be in default. At most they were guilty of neglect in not ascertaining by further study the true effect of such a motion in this jurisdiction. Within twenty-four hours after the default was entered, and within three days of the expiration of the time named on January 7 for the filing of an answer, and before plaintiff suffered any prejudice whatever by reason of the delay, application was made for the opening of the default and for leave to answer. Is the mistake (assuming that it was a mistake of law) or the neglect of counsel a sufficient reason for opening the default? On this point but little aid is to be derived from decided cases. In some of them where so-called mistakes were relied upon, there was no meritorious defense or good faith was otherwise found to be lacking; in others the degree of neglect and the surrounding circumstances were different; in many the application to reopen was

made *after* judgment; and in still others the decisions were affected by statutory provisions granting to the court, for example, power to "relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect", such provisions on the one hand making clear the mistake and inadvertence were good grounds for relief and on the other excluding by the very enumeration all other possible grounds.

Our statute is broad. "Good and sufficient reasons" is all that it requires to justify the exercise of the discretion of the court in favor of the party in default. The discretion referred to, it need scarcely be said, is not to be arbitrary or capricious but judicial and should be exercised in accordance with the peculiar circumstances of each case. It has been correctly said that "as a general rule, in cases where", as here, "the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve" and that "the exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case" *(Watson v. R. R. Co.,* 41 Cal. 17, 20); and that "it should be the policy of courts to try causes on their merits whenever such course will not result in hurtful delay" *(Tucker v. Ins. Co.,* 63 Mo. 588, 593). See also *Walsh v. Boyle,* 94 Minn. 437. It is not a sufficient answer to an application to open, that the party was legally in default at the time the order was entered. Our statute clearly contemplates that even in such cases the court shall have power, for the furtherance of substantial justice, to deprive the party at whose instance the order was entered of the technical advantage thereby gained. It contemplates that if there is a meritorious defense the presentation of which is essential to the promotion of justice, a full and fair trial shall be permitted, provided a reasonable excuse exists for the default.

In the case at bar there is a reasonable excuse. If counsel

misunderstood the legal effect of the pendency of the motion for a bill of particulars, they erred in good faith. There is no room for a finding to the contrary. Attorneys are human and may err. They were prompt in their efforts to secure a re-opening of the case and permitted no prejudice to result to plaintiff from their mistake or neglect. They had sought no unnecessary delays in the cause and, like the defendant itself, were ready and anxious at all times to present their meritorious defense. Under these circumstances, all undisputed, the promotion of justice permits of but one course and that is the opening of the default. The exclusion of the defendant from the right to answer and to present its evidence may result in plaintiff's obtaining a judgment for an amount of damages much larger than any he could recover upon a full trial. "There never should be an objection to a fair trial upon the merits to those who are reasonably diligent." *Westphal, Hinds & Co.* v. *Clark,* 46 Ia. 262, 264. If plaintiff has a good case he will recover in spite of the full presentation of defendant's defense. On the other hand, if he has a bad one, the court "ought not to be very anxious to help him keep an advantage he has obtained, not through the justice or strength of his cause, but by the accidental blunder of his opponent" or its attorneys. *Howe* v. *Coldren,* 4 Nev. 171, 175. In our opinion the refusal to open the default was an abuse of discretion.

The exception is sustained, the order excepted to set aside and the cause remanded with directions to open the default upon reasonable terms and to permit the defendant to answer within a reasonable time to be fixed by the trial court and for such further proceedings as may be proper.

*C. H. Olson* and *I. M. Stainback (Holmes, Stanley & Olson* on the brief) for plaintiff.

*L. Andrews (Andrews & Quarles* on the brief) for defendant.