## KOTARO TAKAMOTO *v.* TSUNE HORITA.

## No. 944.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.
### HON. T. B. STUART, JUDGE.

ARGUED JUNE 27, 1916.            DECIDED JULY 3, 1916.

#### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

JUDGMENTS—*default—reasons for opening—discretion.*

The statute, R. L. 1915, Sec. 2363, authorizing the opening of defaults, should be liberally applied by the courts. On appeal the question is whether the trial court abused its discretion. Good and sufficient reasons for opening a default will not be shown to exist unless it be made to appear that the defendant moved with diligence after the default was entered, that he has a meritorious defense, and that he has a reasonable and satisfactory excuse for not having answered.

SAME—*setting aside judgment after default.*

Where a final judgment has been entered in a case after an order of default the application should be to set aside the judgment as well as to open the default.

#### OPINION OF THE COURT BY ROBERTSON, C. J.

This is an action of assumpsit in which the plaintiff obtained judgment in the court below after default by the defendant. The defendant brings an exception to the denial of her motion to reopen the order of default. The situation may be stated as follows: On December 20, 1915, summons was served on the defendant; on January 9, 1916, the time for answering expired; on January 12, plaintiff's motion for an order of default was filed, and an order thereon made and entered; on January 25, the case was heard, jury-waived, upon the plaintiff's proofs; on January 28, the court filed its decision in favor of the plain-

tiff, and judgment accordingly was entered; thereafter, on the same day, the defendant filed a motion to set aside the default; and on March 11, the motion was denied. In her affidavit filed in support of the motion the defendant set up by way of defense upon the merits to a part of the plaintiff's claim that the claim included usurious interest. By way of reason or excuse for not having answered within the time limited in the summons the defendant deposed that immediately after service of summons upon her she had an interview with the plaintiff with the view to securing a reduction of the claim, particularly in the matter of interest; that thereafter, on four or five occasions, she had further interviews with the plaintiff and his agent with a view to compromising the claim, and, on January 25, believed that it would be possible to obtain a compromise, and therefore did not consult an attorney; that at an interview on the morning of the last mentioned date the plaintiff consented to a reduction of the amount of interest which the defendant agreed to take under consideration, but that on the afternoon of that day she learned that the plaintiff had secured judgment against her, whereupon she consulted her attorney; that she is a Japanese woman who does not understand the English language, is unaccustomed to legal proceedings, and did not know that it was necessary for her to file an answer while negotiations for a compromise were in progress; and that, though able and willing to pay the plaintiff whatever is legally due him, she is unable to pay interest at the rate of two per cent. per month which, as she says, the plaintiff claimed. It is evident that the defendant fully understood that the plaintiff had commenced an action in court against her, and that in order to defend the case it was incumbent on her to make answer. The most that can be made of the affidavit, aside from the fact that she had a defense to a part of the plaintiff's claim, is that through ignorance on the part of the

defendant she supposed that pending the negotiations which she started she need not answer in court. But she sought no advice. She does not claim that the plaintiff intended to deceive or defraud her, and according to her statement she did not conclude that a compromise was possible until thirteen days after the order of default had been entered. The record does not show, but counsel agreed at the argument, that the plaintiff asked leave to rebut the statements made in the defendant's affidavit. The circuit court held, however, that the showing made was insufficient without its being rebutted.

The circuit court was authorized, under the statute, in its discretion and for "good and sufficient reasons" to open the default. R. L. 1915, Sec. 2363. The statute is broad and should be liberally applied by the courts. *Bond* v. *Hawaiian Gazette Co.*, 22 Haw. 60, 64. There is a discretion in the court to whom the application is made and though this court will reverse an order either granting or denying a motion to open a default where the discretion has been abused (*Ayers* v. *Mahuka*, 9 Haw. 377; *Bond* v. *Hawaiian Gazette Co., supra*), the question on appeal is not whether this court would have taken certain action originally, but whether there was an abuse of discretion on the part of the trial court. *Tibbets* v. *Pali*, 14 Haw. 517; *Kapiolani Estate* v. *Grinbaum, id.* 583; *Byrne* v. *Orpheum Company*, 16 Haw. 786. It is said that it requires a stronger showing to justify the interference of an appellate court when a default has been opened than when an opening has been denied. When the defendant in a law action fails to answer as required by statute or rule of court the plaintiff is entitled to demand and receive an order declaring the defendant in default. R. L. 1915, Sec. 2361. Good and sufficient reasons for opening the default will not be shown to exist unless it be made to appear that the defendant moved with diligence after the default was entered against

him, that he has a meritorious defense to the whole or a part of the plaintiff's claim, and that he has a reasonable and satisfactory excuse for not having answered within the time limited. What will constitute such an excuse must naturally depend on the circumstances of each case. In the case at bar a meritorious defense to a part of the claim was shown. But "it is not enough that" the defendant "has a meritorious defense to the action; he must give a sufficient reason for the omission to plead it in due season." 23 Cyc. 930. See *Schultz* v. *Meiselbar,* 144 Ill. 26; *Parks* v. *Coyne,* 156 Mo. App. 379, 391; *American Brewing Co.* v. *Jergens,* 21 Ind. App. 595, 598; *School* v. *Peirce,* 163 N. C. 424, 428; *Cowton* v. *Anderson,* 1 How. Pr. 145; *Edwards* v. *Janesville,* 14 Wis. 27. Ignorance of the English language might be regarded as a partial excuse, but here, besides mere ignorance, there was clear negligence. The defendant knew that she was required to make answer in court and she should have inquired, if not of a lawyer, of some one else, when her answer was due. It would be a dangerous rule to lay down that a supposition that it was not necessary to file an answer so long as negotiations for a settlement of the case were pending constitutes a good excuse for not answering. We assume, without deciding, that the defendant moved with diligence to have the default opened, but hold that, under the circumstances, there was no abuse of discretion on the part of the court below in denying the motion because of the defendant's laches in not answering.

It may be well to point out that the defendant's motion, which was merely to set aside the default, was defective. In a case where, as here, a final judgment has been entered, the application should be to open the default and set aside the judgment since the mere opening of the default without also setting aside the judgment would not effect the desired purpose.

The exception is overruled.

*C. S. Franklin* (*Thompson, Milverton & Cathcart* on the brief) for plaintiff.

*J. Lightfoot* for defendant.