TERRITORY *v.* EDWARD K. DUVAUCHELLE, WALDEMAR DUVAUCHELLE AND JOHN DUVAUCHELLE.

No. 1579.

MOTION TO DISMISS BILL OF EXCEPTIONS.

ARGUED JANUARY 13, 1925.    DECIDED JANUARY 28, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*bill of exceptions—extension of time.*

An order extending the time for the preparation and presenta-

tion of a bill of exceptions for "thirty days from and after the completion of the transcript of the evidence" is not void for uncertainty, even though the court's direction to the stenographer to prepare the transcript provides that such preparation of the transcript shall be "upon deposit with you" (the stenographer) "of the sum of $150 as partial payment therefor."

OPINION OF THE COURT BY PERRY, J.
(Peters, C. J., concurring.)

The three appellants were tried upon an indictment charging murder in the first degree. The jury on November 22, 1923, rendered a verdict of guilty of murder in the second degree. On November 24, 1923, an order addressed to the official court reporter was made and filed by the court reading as follows: "Upon deposit with you of the sum of $150 as partial payment therefor you are hereby directed to prepare and deliver to the above named defendants, or their attorneys, a transcript of the evidence taken in the above entitled cause." The sum of $150 mentioned in this order was paid by the defendants to the reporter on November 26, 1923. A motion for a new trial was filed on November 30, 1923, and overruled on December 7, 1923. On December 3, 1923, upon oral motion therefor by the defendants, the trial judge made and filed an order, "that said above named defendants do have thirty days from and after the completion of the transcript of the evidence herein in which to present to this court their bill of exceptions." The transcript of the evidence was prepared by the reporter and was completed and delivered to the attorneys for the defendants on May 2, 1924. On May 31, 1924, the court signed and filed an order, reciting that it appeared from the record that the transcript was completed and delivered on May 2, 1924, and that the defendants had made application for a further extension of time in which to present their bill of exceptions, to the effect that "the defendants herein have an additional ten days from and

after this 31st day of May, 1924, in which to prepare, serve
and present their bill of exceptions in the above entitled
cause." On June 7, 1924, a third order was made and
filed providing that "the defendants herein have an addi-
tional sixty days from and after the 7th day of June,
1924, within which to prepare, serve and present their
bill of exceptions in the above entitled cause." The bill
of exceptions was presented to the trial court for allow-
ance on August 5, 1924, and was allowed by the court
on August 15, 1924.

In due course the bill of exceptions and the accompany-
ing record came to this court and thereafter, on Novem-
ber 25, 1924, the appellants filed in this court their open-
ing brief in support of the exceptions and on December
30, 1924, the Territory filed its brief on the same issues.
On January 7, 1925, the Territory filed a motion to dis-
miss the bill of exceptions on the following grounds: (1)
that the bill was not presented "within the time provided
by statute;" (2) that the direction to the reporter of
November 24, 1923, is indefinite, uncertain and void and
"does not specify any date certain for the commence-
ment of the preparation, or the completion and filing, of
the transcript or any date certain for the payment of
the deposit therein mentioned;" (3) that the order of
December 3, 1923, extending the time in which to present
the bill is "vague, indefinite, uncertain and void" and
"does not specify a date certain or fix a definite time"
for the presentation of the bill; and (4) that the bill
was not presented to the trial judge "within the time
allowed by said judge by any valid, legal and definite
order extending the time therefor."

The statute authorizing extensions of time in such
cases is section 2513, R. L. 1915, the provision of which
is that exceptions may be incorporated in a bill and
presented to the judge "at any time within twenty days

after verdict or when there is no verdict, after judgment rendered, or, in the case of exceptions taken subsequently to verdict or judgment, after the opinion, direction, ruling or order to which said exceptions are taken, *or such further time as may be allowed by the judge.*"

The question whether an order is sufficiently definite and valid which extends the time for the preparation and presentation of a bill of exceptions for a stated number of days from and after the completion of a transcript of the evidence is not a new one. It has been carefully considered and expressly ruled upon by this court at least three times. In *Weinzheimer* v. *Kahaulelio,* 23 Haw. 374, the defendants were granted "20 days after the preparation and filing with the clerk of this court, by the official stenographer of this court, of the transcript of evidence adduced at the hearing of said cause, within which to prepare and present to this court their bill of exceptions." The plaintiff moved to dismiss the bill of exceptions upon the ground that it "was not filed within the time provided by law" and that "the order purporting to extend the time for presenting the bill of exceptions is 'vague, indefinite, uncertain and void, and because said order does not specify a day certain, or fix a definite time within which the bill of exceptions of the said defendants might be filed in the circuit court of the second judicial circuit, or presented to the judge thereof for allowance.' " This court, composed at the time of Robertson, C. J., and Watson and Quarles, JJ., said: "We think the order extending the time is sufficiently definite. It gave defendants twenty days after, that is, from the completion and filing with the clerk of the court of the transcript of the evidence by the official stenographer, in which to prepare and present their bill of exceptions. The transcript was filed April 11. *Certum est quod certum reddi potest.* The uncertainty, if any existed, as to

the time the extension granted by the order would expire, was removed by the filing of the transcript with the clerk by the stenographer. An order extending time in which to present a bill of exceptions indefinitely would clearly be void. The order complained of here by reference to the filing of the stenographer's transcript with the clerk obviated the objection of uncertainty raised by the plaintiff. The reference in the order to the filing of the stenographer's transcript made the order certain and definite (*Magoon* v. *Lord-Young Eng. Co.,* 22 Haw. 327, 345). An order extending time, similar to the one in question here, was approved in *Harrison* v. *Magoon,* 16 Haw. 170. It has been the practice in this jurisdiction for the circuit courts and judges to make similar orders to the one under consideration. We do not feel authorized to disturb this practice or to overrule the decision on this point in *Harrison* v. *Magoon, supra,* or to do otherwise than recognize the rule there laid down until it shall have been changed by statute or court rule."

In *Wong Wong* v. *Honolulu Skating Rink,* 25 Haw. 92, the defendants were granted "twenty (20) days from and after the filing of the transcript of evidence herein within which to serve and present their joint and (or) several bill of exceptions herein." The plaintiff moved to dismiss the bill of exceptions on the ground that "the defendants failed to perfect their appeal to this court in time and that this court never secured jurisdiction." This court, at that time composed of Coke, C. J., Kemp, J., and Circuit Judge Franklin sitting in place of Edings, J., disqualified, quoting at length from *Weinzheimer* v. *Kahaulelio, supra,* overruled the motion to dismiss the bill, saying: "It would be difficult to find two cases more nearly parallel than this case and the *Weinzheimer* case. We think the practice in this jurisdiction is too well

established to justify a comparison of the practice with that of other jurisdictions with the idea of overruling it if found not to conform to that practice." In *Wilcox* v. *Morton,* No. 1586, the appellants were granted "thirty days from and after the completion and delivery to Enos Vincent, attorney for Minnie Morton, by the official court stenographer of a complete transcript of the evidence and proceedings had in the above entitled cause, in which to prepare and file her bill of exceptions." The motion to dismiss was based on the ground of indefiniteness and uncertainty in the order extending time. Argument was heard upon the motion and the court (as at present constituted) again announced (the chief justice dissenting) its conclusion (December, 1924) that the order was not indefinite, uncertain or void. This opinion was oral.

The order under attack in the case at bar is precisely like those which were objected to and considered in the cases just cited. The same principles apply. The attorney general, however, contends that all of those cases were wrongly decided and asks that they be overruled. We are satisfied that they were all correctly decided. While a definite date is not named in the order for the ending of the time within which the bill is to be presented, the materials are there furnished which will enable the parties and the court thereafter to find with definiteness and certainty the date upon which the prescribed period ends. It is one of the legal duties of the court reporter to prepare transcripts in such cases upon the order of the court. The transcript in this case had been ordered by the court of the reporter. There was no uncertainty that a transcript would be filed. The presumption is that the reporter, an officer of the court, would perform his duty and transcribe the evidence with all due promptness and the presumption must also be that if, for whatever reason, the reporter should delay unduly

in the preparation of the transcript or should wholly
fail to prepare it, the court would compel the perform-
ance of that duty.   The mere failure to name expressly
in the order extending time a month and day when the
bill of exceptions should be presented would not invali-
date the order.   If the time for the presentation of the
bill is otherwise sufficiently limited and named in the or-
der extending time there is no indefiniteness or invalidity.
In a case in which the trial judge at the end of the trial
should orally announce his opinion upon the facts and
the law, an extension of time granting a stated number
of days "from the filing of a written opinion by this
court" would meet all of the requirements of certainty
and of a valid order.   So also would the granting of a
number of days "from the filing of a formal judgment"
or "from the adjournment of this court at this term sine
die" or "from the decision of this court to be rendered
on the motion for a new trial now pending herein."   In
none of these would the month and the day be expressly
named and yet in all of them, at the time of the making
of the order, would the end of the period of the extension
be definitely limited and stated.   In *Harrison* v. *Magoon,*
16 Haw. 170, decided in October, 1904, the extension of
time for presentation of the bill of exceptions was for
"twenty days after completion of the transcript."   That
case certainly shows that such orders as that now under
consideration in the case at bar were made as early as
1904.   We believe they were made by trial judges at an
even earlier date.   As practising attorneys in this juris-
diction we were familiar with that practice.   It has been
expressly upheld by this court from time to time in the
cases above cited.   In our opinion the practice was in con-
formity with the law and, like the judges composing the
court in the *Weinzheimer* case, we do not feel authorized
to disturb this practice or to do otherwise than recognize

the rule laid down in the cases cited by us unless and until it shall be changed by statute or by rule of court.

Another ground of the attack by the. Territory upon the order of extension made in the case at bar is that the direction to the stenographer to prepare a transcript of the evidence was made conditional "upon deposit * * * of the sum of $150 as partial payment therefor," the contention being that the defendants were thereby given entire liberty to choose their own time for making the deposit and might never make it and that, therefore, the order extending time was indefinite, uncertain and void. We cannot take this view. The order to the stenographer cannot be properly read as meaning that the trial judge intended that he was thereby giving liberty to the three defendants convicted of the offense of murder in the second degree to omit to make the payment named to the stenographer and to fail indefinitely to present a bill of exceptions and thus to escape serving the sentences imposed upon them. Such a construction would be unreasonable. The court undoubtedly intended that the deposit of $150 should be made with reasonable promptness. The direction to the stenographer is susceptible of that construction and should be so construed. What would be a reasonable time for compliance by the defendants with the terms of the order would be a matter to be determined in the discretion of the court in view of all the surrounding circumstances. That different judges might come to somewhat varying conclusions as to what would be a reasonable time, even under the same circumstances, is not a sufficient ground for holding that the order is vague and uncertain or void.

The question of whether the Territory has waived its objections to the time of the filing and the presentation of the bill of exceptions by its filing of a brief upon the merits or by its joining in stipulations granting extensions

of time for the filing of briefs in this court need not be considered by us. Our decision is based solely upon the merits of the motion.

The motion to dismiss the bill of exceptions is denied.

*H. R. Hewitt,* First Deputy Attorney General, for the motion.

*S. B. Kemp* contra.

### CONCURRING OPINION OF PETERS, C. J.

I concur in the conclusion of the foregoing opinion. If at the time the order extending the time for the presentation of the bill of exceptions was made there existed an unqualified order directing the reporter to prepare and complete the transcript of the evidence, then the rulings in the *Weinzheimer* and *Wong Wong* cases control and the motion of the Territory to dismiss the defendants' bill of exceptions should be denied. In my opinion such an unqualified order to the reporter did exist. It is true that the order for the transcript was in the first instance upon terms and hence conditional. But it was subject to be made absolute by acceptance of the terms therein imposed. Within twenty days after verdict and prior to the order of extension the defendants acceded to the terms upon which the order was conditional and made the required deposit, whereupon the order for the transcript was converted from a conditional to an absolute one. I see no difference in legal effect between the terms imposed by the order under consideration and those contained in orders allowing amendments of pleadings, continuances or new trials upon terms. Such orders are conditional but become absolute when the terms upon which they are conditional are accepted by the party upon whom they are imposed.