## KAHEANA *vs.* NALIMU.

EXCEPTIONS.

HEARING, MARCH 30, 1891. DECISION, APRIL 20, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

When the verdict in an action of ejectment was for the possession of land, without damages, the bond by defendant, on his motion for a new trial, not to remove property liable to execution, is not necessary.

OPINION OF THE COURT, BY JUDD, C.J.

After hearing counsel, we have examined the decision rendered by Mr. Justice McCully on the 10th of February last, and hereby affirm the same and adopt its reasoning.

DECISION OF McCULLY, J., APPEALED FROM.

The verdict being for the plaintiff, the defendant's counsel presents a motion for a new trial. The plaintiff's counsel contends that the statute and the rule of Court in respect to motions for a new trial have not been complied with, in that no bond to the plaintiff has been filed, and that therefore the motion should not be entertained by the Court.

The defendant has paid the costs accrued in the trial. He has deposited with the Clerk fifty dollars for costs to accrue on further proceedings, which he is allowed to do by Rule V. I deem the amount sufficient and that the rule may apply, although made primarily for such appeals as are described in Rule IV. So far, the defendant has complied with the rule. The motion for a new trial is brought on the ground of the verdict being contrary to the law and the evidence, for which the course is prescribed in Rule VIII, subdivision B, and on the ground of newly discovered evidence, for which the course of proceeding is prescribed in subdivision C. In both, the defend-

ant has taken the prescribed steps of paying the costs accrued and securing the costs further to accrue. In both these divisions of the rule, which is explanatory of Section 1156, it is prescribed that the defendant shall also file a bond not to dispose of his property, and the case of *Joliva vs. Kaulukou*, 7 Hawn., 731, interprets this to be a bond to the appellee and not to the Clerk, as the bond for costs may be.

A literal following of the rule, the statute and the precedent would require that in this case a bond should have been filed in order to perfect the motion, but I am of opinion that the rule and the statute do not in this respect apply to this case. The verdict of the jury was for an undivided half of the premises, as claimed. No mesne profits were awarded. The judgment of the Court upon the verdict was for such moiety and sixty-six 75-100 dollars for costs of suit, which have been paid. The language of the statute, Sec. 1156, is, "a bond * * * that he will not to the detriment of the plaintiff in the action remove or otherwise dispose of any property he may have liable to execution on such judgment." In this case what is the liability for execution? It is not for the costs, for they have been paid, and not for damages, none having been given. The plaintiff can receive no detriment in any other respect than in regard to the land in controversy. But he has a verdict in his favor vesting the title in himself, the entry of judgment upon which verdict can only be suspended by the completion of a motion for a new trial. Civil Code, Sec. 1155. By the statutes of some of the States, and it would seem upon common law principle, "a judgment in ejectment is conclusive as to the right of possession against persons entering upon the land under, through, or in collusion with the defendant after the commencement of the action." Am. & Eng. Cyclop. of Law, vol. 12, p. 96. "A person entering under a defendant in ejectment after the commencement of the suit must of course be considered as taking and holding the possession, subject to the judgment to be rendered in the suit, though not made a party to it. In no other way could the action of ejectment or any possessory action be made effective. *Ortgen vs. Ross*, 47 Ill., 144.

What, then, is the bond to secure in such a case as this? And if there is nothing to be secured and the plaintiff can take no detriment, can it be a reasonable construction of the statute and the rule to require a bond of security? Would not the writ of possession issue of right to the plaintiff at any time when the judgment ceased to be suspended by the prosecution for a new trial, and would not such writ avail summarily against any person claiming through the defendant since verdict rendered? My view of the statute and the rule is that they can be considered to apply only to verdicts and judgments which might be realized by execution and defeated by removal, or otherwise disposing of property, and are not applicable to a mere possessory judgment for real estate, wherein there is nothing to be secured and nothing to be lost. *Cessante ratione legis, cessat ipsa lex.* The reason of the law having failed, the law itself becomes inoperative.

Upon these considerations I hold that a bond is not required, and deny the motion to dismiss the application for a new trial. The parties will be heard on the merits of the principal motion.

*W. C. Achi*, for plaintiff.

*A. Rosa*, for defendant.