## THOMAS M. HARRISON *v.* J. A. MAGOON, F. B. McSTOCKER, L. C. ABLES and DOROTHEA EMERSON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 3, 1904.        DECIDED OCTOBER 31, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

BILL OF EXCEPTIONS—*extension of time for.*

Under C. L. Sec. 1438, as amended by Laws of 1903, Act 32, Sec. 18, an extension of time in which to file a bill of exceptions must be allowed before the expiration of the twenty days allowed by statute or the extended time previously allowed by the judge under the statute.

ID.—*time for, in case of motion for new trial.*

The date when such twenty days begins in the case of an exception to a ruling on a motion for a new trial is the date of such ruling and not the date of the judgment entered in the case before the motion was made.

EXCEPTION—*to dismissal of motion for new trial.*

An exception lies to a dismissal, as distinguished from a denial or overruling, of a motion for a new trial. The remedy, if any, by mandamus, is not exclusive.

MOTION—*for new trial proper in case of involuntary nonsuit.*

A motion for a new trial lies for errors committed during the trial, including an error in ordering a nonsuit, although the exceptions to the rulings alleged to be erroneous may be brought directly

to this court by bill of exceptions, without first being made the basis of a motion for a new trial.

MOTION FOR NEW TRIAL—*notice of.*

> C. L. Secs. 1462, 1463, do not make the right to move for a new trial on grounds other than that the verdict is contrary to the law and the evidence, conditional upon giving notice of the motion at the time of rendering the verdict or judgment.

### OPINION OF THE COURT BY FREAR, C.J.

The only question presented in this case is whether the defendants' motion to strike the cause from the calendar and dismiss the plaintiff's bill of exceptions should be granted. The circumstances are these: On November 9, 1903, at the close of the trial in the circuit court, a nonsuit was ordered on defendants' motion. On November 12, 1903, judgment was entered. On November 14, 1903, a motion for a new trial was filed based on four grounds, namely, errors in admitting testimony, errors in excluding testimony, error in granting defendants' motion for a nonsuit, and error in discharging the jury. On December 31, 1903, time for filing a bill of exceptions was extended until ten days after the disposition of the motion for a new trial. On January 15, 1904, the motion for a new trial was dismissed, and the time for filing a bill of exceptions was further extended until twenty days after completion of the transcript. The bill of exceptions was filed August 6, 1904, within the time allowed.

The grounds of the motion to dismiss the bill of exceptions will be considered in their order.

1. That the bill of exceptions was not filed within the time allowed by law. The statute (C. L., Sec. 1438, as amended by Laws of 1903, Act 32, Sec. 18,) requires the exceptions to be incorporated in a bill of exceptions and presented to the judge "within twenty days after final judgment or such further time as may be allowed by the judge." It is obvious that this provision was not complied with, if the date of the final judgment must be considered as November 12, 1903, the day on which judgment was entered; for an allowance of further time, when

made after the expiration of the twenty days after judgment or the extended time, if any, properly allowed previously, is ineffectual. *Kapiolani Est., Ltd., v. Peck,* 14 Haw. 580.

It will be unnecessary to decide at present whether the filing of the motion for a new trial suspended the judgment until the disposition of the motion, so as to allow the fifty-five exceptions, including the exception to the order of nonsuit, which were taken during the trial and before the entry of judgment, to be incorporated in a bill of exceptions and presented to the judge within twenty days or further granted time thereafter; for, if the remaining exception, namely, that to the dismissal of the motion for a new trial, was properly incorporated in the bill and presented to the judge within the time allowed by law, the bill of exceptions can not be dismissed. In our opinion, that exception was incorporated in the bill and presented within the time allowed by law.

The section of the statute above cited, construed in connection with Sec. 1436 of the Civil Laws, permits exceptions taken in any "proceeding," as well as in any "trial" before a circuit court, to be incorporated in a bill of exceptions within the time limited. In the nature of things an exception could not be taken to the dismissal of a motion for a new trial within twenty days after judgment, when such dismissal was not made until after that time, and it would hardly be expected that a party should be obliged to obtain an extension of time before the ruling excepted to is made. If the motion for a new trial was properly made and ruled upon, an exception would, by the terms of the statute, lie to the ruling whenever it was made. Under the circumstances the reasonable view would seem to be to consider the motion for a new trial as a "proceeding," and not as a part of the "trial," and the judgment in that proceeding as the decision therein, rather than the judgment entered previously after the trial and before the motion for a new trial was filed. In that view the bill of exceptions, in so far as the exception to the dismissal of the motion for a new trial is concerned, was made up and presented to the judge within the time limited, for the exten-

sion of time was obtained within twenty days after the decision. upon that motion.

2. That no exception lies to an order dismissing a motion for a new trial,—the contention being that mandamus to compel the judge to rule upon the motion, and not an exception to a dismissal of the motion, is the proper remedy where, as in this . instance, the motion was dismissed and not overruled. It seems to us that whether mandamus would lie or not, an exception does lie; for the dismissal of the motion was an ,opinion, ruling or order within the meaning of the first portion of the section of the statute first above referred to, which provides that "a party may allege exceptions to any such opinion, direction, instruction,. ruling or order," that is, "in any trial or other proceeding before a circuit court * * * in any matter of law," as shown by the preceding two sections in the Civil Laws.

3. That no motion for a new trial lies after an order or judgment of nonsuit. This ground also ·can not be sustained. In the absence of statute a motion for a new trial would lie in such a case, and generally elsewhere as well as here motions for new trials have been based upon rulings made and excepted to during the trial, as well as upon the ground that the verdict was contrary to the law and the evidence or upon the grounds of newly discovered evidence, misconduct of the jury, and the like. The ruling upon the motion for a nonsuit was such a ruling made during the trial. The mere fact that an exception to an order of nonsuit may be incorporated in a bill of exceptions and brought directly to this court, without first being made the basis of a motion for a new trial, does not prevent its being made the basis of a motion for a new trial. That is true also of other exceptions taken during the trial. It may usually be preferable to bring such exceptions directly to this court, but that method is not exclusive.

4. That no notice of a motion for a new trial was given at the time that the order of nonsuit was made. If such notice was necessary, it must have been by reason of some statutory

provision. The rule of the circuit courts, adopted in 1893, if it is still in force, required merely that notice of a motion for a new trial based on the ground that the verdict was contrary to the law and the evidence should be made at the time of the rendition of the verdict and before the jury was discharged. That has no application to a motion for a new trial based on errors of law committed by the trial judge during the course of a trial.

The statutory provisions that bear upon this question are those set forth in Secs. 1462 and 1463 of the Civil Laws, which read as follows:

"Sec. 1462. Judgment shall be entered by the clerk, without motion, immediately upon the rendition of a verdict, or of a judgment of the court in banco, or of a judge at chambers, and execution may issue thereon at any time thereafter, when called for, unless notice is given at the time of rendering the verdict or judgment, of a motion for a new trial and the filing of a bill of exceptions and bond, as provided by statute, within ten days after the rendition of such verdict or judgment: provided, that execution may issue within ten days, even though such notice be given, when good and sufficient cause can be shown therefor. The provisions of this section shall not affect the right of appeal."

"Sec. 1463. Any party against whom a verdict or judgment is rendered, as set forth in the last preceding section, may, upon filing a sufficient bond of security, conditioned for the payment of all costs of motion in case he fail to sustain the same, and that he will not to the detriment of the plaintiff in the action, remove or otherwise dispose of any property he may have liable to execution on such judgment, and upon giving notice of said motion and the grounds thereof to the opposite party, move the court at any time within ten days after rendition of verdict or judgment, for a new trial, for any cause for which by law a new trial may and ought to be granted. The filing of the bill of exceptions and bond shall operate as a stay of execution, until the motion is determined."

If these sections are taken just as they stand, they have no application to the present case, for a judgment of nonsuit by a circuit court presided over by one judge is not "a verdict, or a judgment of the court in banco, or of a judge at chambers." In

such case there would be no statutory limitation of time within which to give notice of a motion for a new trial, or even within which to make the motion; but in our opinion the words "in banco" have been repealed by implication by acts which have wrought sweeping changes in the Hawaiian judiciary since the enactment of these sections as Secs. 1155 and 1156 of the Civil Code of 1859, which were taken with extensive modifications from the Act of 1847, organizing the judiciary department. There is no longer a circuit court in banco or a Supreme Court sitting in banco for the trial of cases at *nisi prius*. The circuit courts take the place in general of the former supreme court at *nisi prius*. See *Republic v. Tokuji,* 9 Haw. 548, 550.

With the words "in banco" omitted, these sections apply to the present case, unless, indeed, they are confined in their operation to motions for new trials when made by defendants, in which case also there would be no statutory limitation of the time within which notice of a motion for a new trial would have to be given or within which the motion would have to be made by the plaintiff in this case. But there does not seem to be adequate reason for holding that these sections apply to defendants alone. There is no reason why they should be so limited and we believe it has not generally been supposed that they were. Their language, it is true, is framed to some extent as if motions by defendants were particularly in mind, but that was not unnatural, considering that defendants are usually the ones who make such motions. The fact that one of the conditions required in the bond by the second of these sections is that the moving party will not to the "detriment of the plaintiff" remove or dispose of his property does not by necessary implication limit the operation of the section to motions by defendants. That condition is required only when it is applicable. Not being applicable to a plaintiff, it is not required of him. It, indeed, does not apply even to defendants when it is not applicable to them, as in the case of a judgment against a defendant in ejectment for possession without damages. This has already been held. *Kaheana v. Nalimu,* 8 Haw. 227; *Kaniku v. Monsarrat, Id.* 229. See also

*The Queen v. Gay, Id.* 468, for somewhat similar reasoning under a different statute.

But do these sections, if applicable, require notice of a motion for a new trial to be given at the time of rendering a judgment of nonsuit? It must be confessed that they present several questions of difficulty, and they seem to be much in need of amendment, but taken together they do not, in our opinion, require notice of a motion for a new trial to be given at the time of rendering a judgment of nonsuit. The second of these sections relates primarily to motions for a new trial. It seems to be complete in itself. It affirmatively states that a motion for a new trial may be made upon certain conditions for any cause for which by law a new trial may and ought to be granted, and among those conditions there is no requirement that notice of the motion should be given at the time of rendering the judgment. The words "as set forth in the last preceding section" refer to the classes of judgments enumerated in the preceding section, and not to the other provisions of that section. That (the preceding) section relates primarily to the entry of judgment and the issue and stay of execution. The requirement that notice of a motion for a new trial should be given at the time of rendering the verdict or judgment is set forth merely as a condition of staying execution, and not as a condition of making a motion for a new trial. Whether such notice is necessary for the purpose of staying execution, in view of the last sentence of the second of these sections, need not be determined. The reason, if any, for holding that these sections are inseparable in this respect, is that unless a motion for a new trial would suspend the judgment it would be useless to make it, or, to put it another way, that, if execution may issue under the first of these sections unless notice of the motion is given at the time of the judgment, it would be futile to make the motion unless such notice were given. But this reason would apply with equal force to prevent the case from being taken to the Supreme Court on exceptions or writ of error for errors made during the trial, because, if execution may issue at once unless notice of a motion for a new trial

is given, it may issue notwithstanding the allowance of a bill of exceptions or the issuance of a writ of error when no motion for a new trial is made or notice thereof given. If it is replied that the statutes on writs of error and bills of exceptions contain provisions for a stay of execution, it may be rejoined that the second of the sections now in question likewise contains such a provision—not to mention the provisions of Section 1481 in the same chapter. As already intimated, the construction of these sections is not free from difficulty, and the fact that they were not drawn, as is evident, with due regard for harmony between them or for all the circumstances that might arise calling for their application, justifies a more liberal construction with a view to carrying out the general intent.

The chief difficulty in the way of this construction is that the court, only two of its members sitting, in *Kekaua v. Kalei,* 3 Haw. 683, held that notice of a motion for a new trial, based on the ground that the verdict was contrary to the law and the evidence, should have been given reasonably soon after the verdict, and was too late when made on the following day. That decision was undoubtedly correct under the rule of court then in force and referred to by the court, that an exception to a verdict must be taken at the time the verdict is rendered, for the exception was not taken, as well as the notice not given, until the next day, but the court based its opinion chiefly upon the ground that the notice was not given and that it was required by the first of the two sections of the statute above quoted. The decision is brief, and does not refer to the second of the sections above quoted, and it does not appear with what degree of care the question was considered. In so far as it was based on the statute, it does not commend itself to us, but it will be sufficient without reversing it to decline to extend it beyond the facts of that case. In the present case there is no rule of court in force similar to that then in force, and in this case the motion for a new trial is not, as it was in that case, based on the ground that the verdict was contrary to the law and the evidence. We believe that it has been the common practice here to include among the grounds of

a motion for a new trial errors of law committed during the trial, as well as the inconsistency between the verdict and the law and the evidence, and without giving notice at the time of rendering the verdict that the motion would be based upon those grounds. Moreover, the statutory provisions in question can not be held to apply in all cases of motions for a new trial, in so far as giving notice of the motion at the time of rendering the verdict is concerned; as, for example, when the motion is based upon matters arising subsequently to the verdict or judgment, such as newly discovered evidence, misconduct of the jury, etc. Rules of court also have required notice to be given only when the motion was based on the ground that the verdict was contrary to the law and the evidence.

Whether the fifty-five exceptions, or any of them, taken to the order of nonsuit and to the discharge of the jury, which were specifically made grounds of the motion for a new trial, may be considered ultimately, not as independent exceptions set forth in the bill, but incidentally in considering the exception to the dismissal of the motion for a new trial, or an exception to the denial of that motion in the event that the case should be remanded to the circuit judge for a ruling upon the motion, inasmuch as that motion was based in part upon errors not specifically enumerated therein occurring during the trial, we need not say at the present time; nor need we say now whether we can consider the question whether the motion for a new trial should have been overruled. In our opinion, the plaintiff was in order in making the motion for a new trial, in excepting to the dismissal of that motion, and in bringing that exception here in a bill of exceptions.

The motion to strike from the calendar and dismiss the bill of exceptions is denied.

Plaintiff in person; *Robertson & Wilder* with him.

Defendant Magoon in person; *Kinney, McClanahan & Cooper* and *S. H. Derby* with him.

HARTWELL, J.

I agree that the bill of exceptions can not be dismissed, and that we must consider the exception to the dismissad of the plaintiff's motion for a new trial, which in effect was a denial of the motion. I also concur in the opinion that no notice of the motion was required to be given at the time of the nonsuit; that it remains to be considered whether this court, in deciding upon the legality of refusing the motion for a new trial, can consider all the rulings during the trial to which exceptions were taken. My impression is that the general reference in the motion to errors during the trial is insufficient to bring them before the court as questions of law; but that is for future consideration after hearing argument.

But I think that the power of the circuit courts to grant new trials in cases of nonsuit is found in the common law of Hawaii, and not in its statute, Sec. 1463 C. L., which appears to me to provide for a new trial on the motion of a defendant only. The prerequisite of the motion there authorized is "upon filing a sufficient bond of security, conditioned for the payment of all costs of motion in case he fail to sustain the same, and that he will not to the detriment of the plaintiff in the action, remove or otherwise dispose of any property· he may have liable to execution on such judgment, and upon giving notice of said motion and the grounds thereof to the opposite party." *Ib.*

It is also difficult, I find, to regard the new trials named in that section as distinct from the new trials in the cases contemplated by the previous section, namely, "immediately upon the rendition of a verdict or of a judgment of the court in banco, or of a judge at chambers," which requires immediate entry of judgment, and also that execution issue thereon, "unless notice is given at the time of rendering the verdict or judgment of a motion for a new trial, and the filing of a bill of exceptions and bond as provided by statute within ten days after rendition of such verdict or judgment."

The power of the· circuit courts at *nisi prius* to grant new

trials of civil causes in certain cases not provided for by statute has been so long recognized by this court as to become common law of Hawaii. The practice has long been well settled that not only a defendant but a plaintiff may obtain a new trial, and that either party may do so upon the discovery of new evidence, or of misconduct of the jury too late to give notice of such motion at the time of the rendition of the verdict or judgment. Perhaps the limit of time for such motions, when not otherwise provided by rules, would be the term within which a court has inherent power to vacate its own judgments.

By English common law as regulated, if not declared by early statute of William IV. and George IV., a practice was established of taking out a rule during the term or four days thereafter to show cause why a new trial should not be granted, and this practice included cases of nonsuit. *Whitley v. Roberts,* 1 Exchequer (McC. & Y.) 109, Note A; *Great Northern Ry. v. Mossop,* 17 Com. Bench 134; *Lloyd v. Berkovitz,* 16 M. & W. 30; *Plumley v. Isherwood,* 12 M. & W. 189.

Except as herein modified, I concur in the opinion of the court.