*J. Lightfoot* for defendant.

---

LUDWIG WEINZHEIMER *v.* DAVID K. KAHAULE-LIO AND ELLEN K. KAHAULELIO.

No. 951.

MOTION TO DISMISS.

SUBMITTED JUNE 30, 1916.                DECIDED JULY 3, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*bill of exceptions—extension of time.*

   While an order extending the time in which to present a bill of exceptions indefinitely would be void, yet an order made within the time in which the bill of exceptions might have been presented, extending the time for presenting the bill of exceptions *twenty days after typewriting and filing transcript of the evidence by the official court stenographer with the clerk of the court,* is not void for uncertainty; reference in the order to the filing of the transcript of the evidence made the time of extension certain, fixed and definite.

OPINION OF THE COURT BY QUARLES, J.

This action was one of ejectment tried by the circuit court of the second circuit sitting without a jury. The decision and judgment were filed March 8, 1916, in favor of the plaintiff. March 14, 1916, the defendants applied to the circuit judge for an extension of time to present their bill of exceptions and the following order was made: "It is ordered that the defendants be granted 20 days after

the preparation and filing with the clerk of this court, by the official stenographer of this court, of the transcript of evidence adduced at the hearing of said cause, within which to prepare and present to this court their bill of exceptions."

The official stenographer completed the transcript of evidence and certified it as of the 10th day of April and it was filed with the clerk of the court on the 11th day of April. April 25 defendants presented to the circuit judge their bill of exceptions and served a copy of the same, pursuant to Rule 33 of the rules of the circuit court of the second circuit, upon counsel for plaintiff. Under said rule counsel for the plaintiff had five days, or such additional time as the court should allow, in which to file objections to the bill of exceptions. No objections to the bill of exceptions appear to have been filed in the circuit court, and, on the 2d day of May, 1916, the circuit judge allowed and certified the bill of exceptions. The plaintiff has filed a motion to dismiss the bill of exceptions for the reasons (1) that the bill of exceptions was not filed within the time provided by law; (2) the order purporting to extend the time for presenting the bill of exceptions is "vague, indefinite, uncertain and void, and because said order does not specify a day certain, or fix a definite time within which the bill of exceptions of the said defendants might be filed in the circuit court of the second judicial circuit, or presented to the judge thereof for allowance."

We think the order extending the time is sufficiently definite. It gave defendants twenty days after, that is, from the completion and filing with the clerk of the court of the transcript of the evidence by the official stenographer, in which to prepare and present their bill of exceptions. The transcript was filed April 11. *Certum est quod reddi potest.* The uncertainty, if any existed, as to the time the extension granted by the order would expire, was removed by the filing of the transcript with the clerk by the

stenographer. An order extending time in which to present a bill of exceptions indefinitely would clearly be void. The order complained of here by reference to the filing of the stenographer's transcript with the clerk obviated the objection of uncertainty raised by the plaintiff. The reference in the order to the filing of the stenographer's transcript made the order certain and definite (*Magoon* v. *Lord-Young Eng. Co.*, 22 Haw. 327, 345). An order extending time, similar to the one in question here, was approved in *Harrison* v. *Magoon*, 16 Haw. 170. It has been the practice in this jurisdiction for the circuit courts and judges to make similar orders to the one under consideration. We do not feel authorized to disturb this practice or to overrule the decision on this point in *Harrison* v. *Magoon*, *supra*, or to do otherwise than recognize the rule there laid down until it shall have been changed by statute or court rule.

The motion is denied.

*Thompson, Milverton & Cathcart* for movant.

*E. R. Bevins* contra.