WONG WONG *v.* HONOLULU SKATING RINK, LIMITED, A CORPORATION, MORRIS ROSENBLEDT AND FRED HARRISON.

## No. 1187.

MOTION TO DISMISS BILL OF EXCEPTIONS.

ARGUED AUGUST 4, 1919.          DECIDED AUGUST 8, 1919.

COKE, C. J. KEMP, J., AND CIRCUIT JUDGE FRANKLIN IN PLACE OF EDINGS, J., DISQUALIFIED.

APPEAL AND ERROR—*bill of exceptions—extension of time.*

> An order extending the time for presenting and serving a bill of exceptions twenty days from and after the filing of the transcript of evidence is not void for uncertainty.

SAME—*same—questions previously decided.*

> When a bill of exceptions brings up only questions which have been decided on a former appeal the exceptions will be dismissed, but questions arising on necessary proceedings subsequent to the mandate and not covered by the former appeal are a proper subject of exceptions.

OPINION OF THE COURT BY KEMP, J.

This is a motion to dismiss the bill of exceptions on the grounds (1) that all matters in the case are *res judicata* and were decided by the supreme court in its decision in the present case in 24 Haw. 181, and (2) that

the defendants failed to perfect their appeal to this court in time and that this court never secured jurisdiction.

The second ground will be considered first. Judgment was entered September 4, 1918, and on the same day the defendants Rosenbledt and Harrison were granted "twenty (20) days from and after the filing of the transcript of evidence herein within which to serve and present their joint and (or) several bill of exceptions herein." It is the contention of the movants that such an order extending the time for serving and presenting a bill of exceptions necessarily contemplates that the transcript of the evidence shall be prepared by the official stenographer and filed by him in the regular order of business, otherwise the order is indefinite as to time and void. By affidavit it is shown that the case of *McCandless* v. *Castle* tried by the same court terminated at a later date than this case and that the transcript of the evidence in said case was filed on November 25, 1918. From this it is argued that the twenty days granted began to run at least on November 25, 1918, and as the bill of exceptions was not presented until April 23, 1919, it was not presented within the time allowed. There is no contention that the bill of exceptions was not filed within twenty days after the filing of the transcript.

In the case of *Harrison* v. *Magoon*, 16 Haw. 170, the circumstances as stated in the opinion were as follows: "On November 9, 1903, at the close of the trial in the circuit court, a nonsuit was ordered on defendants' motion. On November 12, 1903, judgment was entered. On November 14, 1903, a motion for a new trial was filed based on four grounds, namely, errors in admitting testimony, errors in excluding testimony, error in granting defendants' motion for a nonsuit, and error in discharging the jury. On December 31, 1903, time for filing a bill of exceptions was extended until ten days after the

disposition of the motion for a new trial. On January 15, 1904, the motion for a new trial was dismissed, and the time for filing a bill of exceptions was further extended until twenty days after completion of the transcript. The bill of exceptions was filed August 6, 1904, within the time allowed." A motion to dismiss the bill of exceptions was made and one of the grounds was that it was not filed within the time allowed by law. The court held that the exception to the dismissal of the motion for new trial was presented to the judge within the time allowed by law and refused to dismiss the bill.

In *Weinzheimer* v. *Kahaulelio,* 23 Haw. 374, judgment was entered March 8, 1916. On March 14 the defendant procured the following order to be entered by the circuit judge: "It is ordered that the defendants be granted 20 days after the preparation and filing with the clerk of this court, by the official stenographer of this court, of the transcript of evidence adduced at the hearing of said cause, within which to prepare and present to this court their bill of exceptions." The transcript was filed April 11 and the bill of exceptions was filed April 25. A motion to dismiss the bill of exceptions on the ground that the same was not filed within the time provided by law was overruled and the following significant language was used: "We think the order extending the time is sufficiently definite. It gave defendants twenty days after, that is, from the completion and filing with the clerk of the court of the transcript of the evidence by the official stenographer, in which to prepare and present their bill of exceptions. * * * The uncertainty, if any existed, as to the time the extension granted by the order would expire, was removed by the filing of the transcript with the clerk by the stenographer."

It would be difficult to find two cases more nearly parallel than this case and the *Weinzheimer* case. We

think the practice in this jurisdiction is too well established to justify a comparison of the practice with that of other jurisdictions with the idea of overruling it if found not to conform to that practice.

The other ground for dismissing the bill of exceptions is that all matters in the case are *res judicata* and were decided by this court in its former opinion.

"It is well settled that the second writ of error brings up nothing for revision except the proceedings subsequent to the mandate; and it follows that, if those proceedings are merely such as the mandate commanded and were necessary to the execution of the mandate, the writ will be dismissed, and any other rule would enable the losing party to delay the execution of the mandate indefinitely, which cannot be permitted." *Notley* v. *Brown,* 17 Haw. 455, 458.

*Stewart* v. *Salmon,* 94 U. S. 434, was a suit to foreclose a mortgage which was executed in the State of Georgia in 1863 when treasury notes of the confederate government constituted the principal currency of that State. The principal controversy was as to whether the mortgage note was payable in confederate currency or in the legal currency of the United States. The circuit court having held it to be payable in United States currency, the supreme court reversed the judgment of the circuit court and held the note to be payable in confederate currency which at the time was worth only one-third of its face value and ordered "the decree reversed and the cause remanded for further proceedings in accordance with this opinion." After the mandate was filed in the circuit court leave to file a plea *lis pendens* and an amended answer to the original bill setting up new defenses was asked by the defendants which was refused and judgment entered without further hearing for one-third the amount of the former judgment and a foreclosure of the mortgage from which the second appeal

was prosecuted. In dismissing this appeal the court said:

"An appeal will not be entertained by this court from a decree entered in the circuit court or other inferior court, in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. If such an appeal is taken, however, we will upon application of the appellee, examine the decree entered, and if it conforms to the mandate dismiss the case with costs. If it does not, the case will be remanded with appropriate directions for the correction of the error. The same rule applies to writs of error." *Stewart* v. *Salmon*, 97 U. S. 361.

The history of this litigation and the scope of the same are to be found in the opinions of this court in this case (24 Haw. 181) and the kindred case of *Lewers & Cooke* v. *Wong Wong*, 22 Haw. 766 and 24 Haw. 39.

Upon the original trial of this case a nonsuit was granted by the circuit judge in favor of defendants Rosenbledt and Harrison for the reason that the notice of lien was not in his opinion sufficient but was by reason of certain omissions void, and because demand for payment had not been made as required by law. Judgment was entered against the skating rink for the amount due and for a foreclosure of the mechanic's lien upon its interest in the property. From this judgment of nonsuit Wong Wong came to this court on writ of error, where it was held that the notice of lien was sufficient, that proper demand had been made after the filing of the lien and prior to filing suit to fix the lien against the interest of the owners Rosenbledt and Harrison. The judgment of nonsuit was reversed and the cause remanded to the circuit court for further proceedings consistent with the views expressed.

It is earnestly contended by the plaintiff at this time

that the only proceeding consistent with the views expressed would have been to amend the judgment theretofore entered against the skating rink and its interest in the property so as to effectuate a foreclosure of the lien against the interest of the defendants Harrison and Rosenbledt as well and that to do this required no hearing. He did not take this view of the matter when the case came on for disposition after the reversal but undertook to prove his whole case as though no trial had theretofore been had. An inspection of the answer of the defendants Rosenbledt and Harrison, upon which the case went to trial on the former occasion, discloses that notice was given that the defenses of illegality, fraud, release and payment would be relied upon. The case having been disposed of upon defendants' motion for nonsuit the matters of defense were not tried at the first hearing. After the plaintiff had concluded his case in the last hearing the defendants undertook to prove the defenses which they had plead.

Some of the exceptions now before us relate to alleged errors committed by the court in rulings upon these matters of defense. If these proceedings were necessary then the alleged errors which occurred subsequently to the mandate are subject to review.

We are not prepared to say that none of these proceedings was necessary and therefore hold that such of the exceptions as seek a review of proceedings subsequent to the mandate and not clearly passed upon in the former appeal are properly before this court. Only such exceptions as come within this holding will be considered upon the hearing.

The motion to dismiss the exceptions should be overruled and it is so ordered.

*A. Withington* for the motion.

*E. C. Peters* contra.