## A. M. STEWART AND JAMES C. STEWART, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF JAMES STEWART & COMPANY, *v.* Z. S. SPALDING.

### No. 1297.

#### MOTION TO QUASH WRIT OF ERROR.

SUBMITTED NOVEMBER 9, 1920.          DECIDED NOVEMBER 13, 1920.

#### COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR.

> The requirement in the statute (Sec. 6 of Act 44 S. L. 1919) making it necessary where there is a money judgment that a bond shall be filed in favor of the prevailing party obviously refers to a money judgment in favor of the appellee. Where the only money judgment recovered in the cause is in favor of the plaintiff in error a bond to require the payment of the judgment would serve no useful purpose and no bond is required as a prerequisite to the writ.

*Per Curiam.* Upon the application of the plaintiff a writ of error was issued out of this court on the 5th day of November, A. D. 1920. On the 9th of November the defendant (defendant in error) by Wm. B. Lymer, Esq., one of his counsel, appeared and moved that the writ of error heretofore issued as aforesaid be quashed for the reason that the plaintiff in error failed to file a bond with the clerk as required by section 6 of Act 44 S. L. 1919. This motion was the outgrowth of the mutual desire of both parties to have the question determined by this court owing to the inapt language of the statute. The motion was submitted without argument. The statute referred to reads as follows:

"No writ of error shall issue until the sum of twenty-five dollars has been deposited to cover costs, and, except

in criminal cases and cases in which there is no money judgment, a bond has been filed with the clerk, in favor of the prevailing party in the proceeding in which the error is alleged to have occurred, or his personal representatives, conditioned for the payment of the judgment in said original cause in case of failure to obtain the writ of error."

The plaintiff in error brought its action in the circuit court against the defendant in error, the total amount of damages claimed, including interest, being approximately $90,000. The judgment finally recovered by plaintiff in error was for $30,824.27 together with costs. Plaintiff in error deeming itself aggrieved by the judgment because of the alleged insufficiency of the amount thereof has come to this court on a writ of error.

The requirement in the statute above quoted making it necessary where there is a money judgment that a bond shall be filed in favor of the prevailing party obviously refers to a money judgment in favor of the appellee. Where as in the case at bar the only money judgment recovered in the cause is in favor of the plaintiff in error a bond to require the payment of the judgment would serve no useful purpose. This is a clear case calling for the application of the rule which requires that the spirit and reason of the statute shall prevail over the strict letter thereof. To make sense out of the statute it must be held that the plaintiff in error is not required to give a bond to pay the judgment standing in its favor as a prerequisite to this writ. See *Kaheana* v. *Nalimu*, 8 Haw. 227; *Harrison* v. *Magoon*, 16 Haw. 175.

The motion to quash the writ of error is denied.

*W. B. Lymer* for the motion.

*W. F. Frear* and *M. F. Prosser* contra.