E. FAXON BISHOP, ALBERT F. JUDD, RICHARD H. TRENT, GEORGE M. COLLINS AND JOHN K. CLARKE, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF BERNICE P. BISHOP, DECEASED, *v.* THE CITY AND COUNTY OF HONOLULU.

No. 2017.

SUBMITTED SEPTEMBER 10, 1931.    DECIDED SEPTEMBER 30, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

112

OPINION OF THE COURT BY PARSONS, J.

Judgment in the court below was for the plaintiffs. Upon application of the defendant writ of error was issued by this court to review the judgment. No bond has been filed by the defendant, the plaintiff in error, conditioned for the payment of the judgment in the event of the failure of the defendant to sustain the writ. Plaintiffs (defendants in error) moved to dismiss the writ on the ground that "no bond conditioned for the payment of the judgment in said cause as required by section 2529 of the Revised Laws of Hawaii, 1925, has been filed herein by the plaintiff in error." The case is before us upon plaintiffs' motion.

Section 2529 above referred to provides in part as follows: "No writ of error shall issue until the sum of twenty-five dollars has been deposited to cover costs, and * * * a bond has been filed with the clerk, in favor of the prevailing party in the proceeding in which the error is alleged to have occurred, or his personal representatives, conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error." The defendant submits that the motion should be denied upon the following grounds, namely, "first: that under the general rule of law * * * neither the Territory nor the city and county is required to file any bond in this cause; second: that under the terms of section 2546 of the Revised Laws of Hawaii, 1925, the city and

county is not required to file any such bond;" and, "third: that there exists no legal authority in the City and County of Honolulu or any of its officers to execute any such bond."

1. In support of ground number one defendant cites *McClay* v. *City of Lincoln*, 49 N. W. (Neb.) 282, 285, which we quote in part as follows: "We take it that the general rule now accepted in the law courts of this country is that the state, and its counties, cities, and municipal corporations, are not subject to the general law requiring appeal-bonds to be given in support of legal controversies, unless required to do so by the terms of a legislative act. The rule is that, in order to bind cities by law like the one under consideration, the city or any branch of the sovereignty shall be specially named, otherwise it is exempt." To the same effect defendant cites *Holmes* v. *City of Mattoon*, 111 Ill. 27, 53 Am. R. 602. No such general rule of law as that invoked by defendant in the paragraph now under consideration and referred to in the two cases last above cited has received judicial recognition in this Territory and the two cases named are not satisfactory authority for its existence elsewhere. In each of the two cited instances the city was expressly exempted from giving an appeal bond—in the Nebraska case by a specific provision in the city charter and in the Illinois case by statute. The question raised in each instance was as to the constitutionality of such exemption. In neither instance was the question now before this court directly involved. Both cases are discussed and the above quoted dictum is criticized in *Harrison* v. *Stebbins*, 73 N. W. (Ia.) 1034, 1035, as follows: "In *McClay* v. *City of Lincoln*, 49 N. W. 282, the supreme court of Nebraska hold that statutes exempting political corporations from the requirement of giving appeal bonds do not violate the constitutional provision prohibiting special legislation,

and Cobb, C. J., in delivering the opinion of the court, remarks: 'The rule is that, in order to bind cities by law like the one under consideration, the city or any branch of the sovereignty shall be specially named; otherwise it is exempt.' Then some very good reasons are given for not requiring bonds in such cases. A similar decision will be found in *Holmes* v. *Mattoon,* 111 Ill. 28. In so far as these opinions refer to the rule as applied to the state or government, it cannot be doubted, but, as before remarked, our attention has not been called to any authority extending it to counties or municipalities. In many of the states public corporations, and persons acting in a trust capacity, are exempt from giving appeal bonds by the express provisions of the statute; and the tendency of judicial construction has been not to extend these by implication, as they are exceptions to the general policy of the law protecting the appellee. *Von Schmidt* v. *Widber* (Cal.), 32 Pac. 532; *State* v. *Judge of Third Dist.,* 18 La. 444; 1 Enc. Pl. & Prac. 968. The entity of the county is distinct from that of the state, though included in it, and existing for the purpose of carrying out its powers; and while the reasons for exempting the former from giving supersedeas bonds in order to stay proceedings on judgments pending appeal are cogent, and possibly unanswerable, they appeal to the lawmakers for appropriate legislation, rather than to the courts for the ingrafting of exceptions not intended. The very wording of our statute precludes any exception * * * ." Following the case last above quoted we conclude upon defendant's first point that there is no general rule of law, independent of statute, exempting the City and County of Honolulu in the circumstances named from filing the bond referred to in section 2529, R. L. 1925.

2. Section 2546, R. L. 1925, provides as follows: "Neither the Territory nor any county or municipality

thereof or any officer acting in his official capacity on behalf of the Territory or any county or municipality thereof, shall be taxed costs or required to pay the same or file any bond or make any deposit for the same in any case." Defendant asks us to construe the last foregoing section to provide, in addition to the exemption from costs, that "neither the Territory nor any county or municipality thereof * * * shall be * * * required to * * * file any bond * * * in any case." Read in its context the statute does not convey the meaning above suggested. It is part of chapter 147, R. L. 1925, which is entitled "Costs." Section 2546 itself bears the subhead "No costs against government;" and the word "same" in each of the two instances therein used obviously refers to the antecedent noun "costs" found in the context of the provision. In this view, substituting for the word "same" in each of the two instances named the word "costs" to which it refers, the portion of the statute applicable hereto would read: "Neither the Territory nor any county or municipality thereof * * * shall be taxed costs or required to pay costs or file any bond or make any deposit for costs in any case." Punctuation, or lack of it, aids the interpretation above adopted that the bond referred to is a bond for costs. The entire predicate is without punctuation. No comma follows the word "bond," as would be proper if it were not qualified by the prepositional phrase "for the same." Using the above named substitution and omitting the portion of the statute inapplicable to the facts in the present case, we interpret section 2546 to provide that no county or municipality of the Territory shall be taxed costs or required to pay costs or required to file any bond for costs in any case.

The provision of section 2529 requiring on writ of error a bond conditioned for the payment of judgment

in the event of failure to sustain the writ is for the protection of the prevailing party in the original proceedings, in whose favor the bond is required to be filed, and is separable from the provision requiring deposit to cover costs. It is from the latter provision, and from provisions of other statutes relative to the taxing, payment and deposit of costs and the filing of bonds for costs, that section 2546 seeks to relieve the government and its officers acting officially, and not from the provision enacted as above set forth for the protection of the prevailing party. The statute requiring bond for payment of judgment in the event therein named is general in its terms and provides no exception or exemption in favor of the city and county. The exemptions provided by section 2546 are exclusive. "The rule is well settled that statutory exemptions will not be extended by implication beyond the specified cases, as they are exceptions to the general policy of the law protecting appellees." *Mitchell* v. *Board of Education*, 70 Pac. (Cal.) 180, 181. See also *Harrison* v. *Stebbins, supra;* 1 Enc. Pl. & Pr. 969; *Irwin* v. *Klamath County*, 210 Pac. (Ore.) 159; *Yuma* v. *Winn*, 148 Pac. (Ariz.) 286; *Elkin's Estate*, 285 Pac. (Ariz.) 281.

3. Counsel's third point, "that there exists no legal authority in the City and County of Honolulu or any of its officers to execute any such bond," whether urged as an independent ground for denying plaintiff's motion or as an aid to the statutory construction claimed in point number two above disposed of, is also unsustainable. Section 1719, R. L. 1925, provides among other things that the City and County of Honolulu "may sue and be sued in all courts and places and in all matters and proceedings" and section 1738 empowers the board of supervisors among other things "to make contracts and to do all things necessary and proper to carry into

execution" the other powers therein conferred upon said board, "and all other powers vested in the city and county or in any officer thereof." These two provisions empower the city and county, through its proper officers, to prosecute writs of error of the kind herein named in this court and to fulfill the above discussed statutory requirements to perfect the same. See 44 C. J. 1495; *Town of Flagstaff* v. *Gomez,* 202 Pac. (Ariz.) 401, 403.

The provisions, above set forth, of section 2529 being mandatory in their terms, and there being no provision contained therein or in any other statute or by implication exempting the city and county from the requirement of filing a bond for payment of judgment in the event named; and the city and county in this case having failed to comply with said requirement, which the statute makes a condition precedent to the issuance of the writ; and the writ having issued without the performance of said condition; for the reasons above set forth the motion of defendant in error is granted and the writ is dismissed.

*Robertson & Castle* for the motion.

*J. F. Gilliland,* City and County Attorney, and *L. P. Scott,* Deputy City and County Attorney, contra.