## HOOMANA NAAUAO O HAWAII, AN ECCLESIASTICAL CORPORATION, *v.* HENRY PALI.

### No. 2400.

ARGUED APRIL 21, 1939.                    DECIDED APRIL 25, 1939.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE METZGER
IN PLACE OF PETERS, J., ABSENT.

*Per Curiam.* In an action at law instituted in the circuit court of the second judicial circuit judgment was rendered in favor of the plaintiff in the sum of $1450, together with costs in the sum of $294.40, making a total of $1744.40. Thereafter the defendant duly filed a motion for a new trial and at the same time filed a bond in the penal sum of $100, running in favor of Robert Parker, Esq., clerk of the supreme court of the Territory of Hawaii, and his successors in office. Said bond, after reciting the rendition of the judgment and that the defendant had filed or is about to file a motion for a new trial of said action and to file and prosecute a bill of exceptions or a writ of error in said action to the supreme court of the Territory of Hawaii unless said motion for a new trial is granted, proceeds as follows: "NOW, THEREFORE, if the said HENRY PALI, as defendant and appellant as aforesaid, shall pay all costs of the said motion for a new trial in case the same shall not be sustained, and all costs which shall or may subsequently arise or otherwise accrue and be awarded against him in said action or on said appeal, until the final termination thereof, and that he will not to the detriment of the plaintiff in said cause remove or otherwise dispose of any property it may have liable to execution until this cause is finally

decided and terminated, and shall pay such final judgment as may be recovered against him in said cause, and in all other respects abide by and perform such final judgment as may be entered in said cause, then this obligation shall be void; otherwise the same to remain in full force and virtue." The amount of the penalty and the sufficiency of the sureties of the foregoing bond were fixed and approved by the circuit judge before whom said cause was pending. The cause has now reached this court on defendant's bill of exceptions and said bond has been transmitted to this court as part of the record in said cause.

The appellee now moves for a dismissal of the defendant's bill of exceptions on the grounds, to wit: (1) That defendant herein made no deposit of $25 nor filed a bond for said amount to secure the payment of costs to accrue in this court and cause as provided by section 3532, R. L. 1935; (2) that no valid or sufficient bond to secure the payment of costs to accrue in this court in said cause has been filed by said defendant; and (3) that the bond filed by the defendant herein is insufficient and of no force and effect for the reason that the trial court had no jurisdiction to hear and determine the motion for a new trial in said cause in that defendant's bond to the clerk of this court not to remove or dispose of, to the detriment of the plaintiff, any property liable to execution on the judgment is in a sum less than the amount of the judgment rendered in said cause.

Section 3532, upon which the appellee relies, is as follows: "Upon the allowance of the bill of exceptions and the deposit of twenty-five dollars, or a bond of the same amount by the party excepting with the clerk of court, for costs to accrue in the supreme court, the questions arising thereon shall be considered by the supreme court; but judgment may be entered and may be enforced

or arrested pending such exceptions as provided in section 3504 in the case of an appeal, mutatis mutandis." Section 4131 provides for the filing of a bond by the moving party in connecton with a motion for a new trial conditioned for the payment of all costs of the motion in case it is not sustained and that the moving party will not, to the detriment of the opposing party, remove or otherwise dispose of any property he may have liable to execution. The appellant relies upon sections 3505 and 3507 to give validity to the bond in question. Said sections are as follows: Section 3505: "Whenever, in a proceeding before any court, on a motion for a new trial, or on an appeal, or upon an application for a writ of error, or upon exceptions, a bond shall be required for costs, or against the removal or disposal of property liable to execution, it shall be sufficient to give one bond, in an amount to be fixed by the presiding judge, which may include both security against costs and against the removal or disposal of property, and no other or further bond shall be required, and such bond shall remain in full force and effect until the final termination of the whole proceedings so pending in such court, or until the final determination before the court to which such motion for new trial, petition for writ of error, appeal or exceptions, shall or may be taken." Section 3507: "The bond required in section 3505 shall in all cases run to the clerk of the supreme court and to his successors in office. It shall be conditioned for all costs to arise subsequent to its filing and against the removal or disposal of property."

Sections 3532 and 3505 and 3507 are in *pari materia* and must be read together to determine the question here involved. They are all in a chapter entitled "Appeal and Error" and section 3532 appears under the subhead "Exceptions." Sections 3505 and 3507 appear under the subhead "Bonds on Appeal, Exceptions, New Trial,

Error." The bond in question meets every requirement of sections 3505 and 3507. It is in an amount fixed and approved by the circuit judge as provided in section 3505 and contains all of the conditions required by said section. In fact it goes further and contains more obligations on the part of the signers of the bond than required by said section and section 3507. The bond in question bound the signers thereof to pay all costs which shall or may subsequently arise or otherwise accrue and be awarded against him in said action or on said appeal until the final termination thereof. The bond on exceptions, unlike the bond in the case of a writ of error, is required to be deposited with the clerk of the court in which the cause is originally pending and need not be conditioned for payment of the judgment. The bond in question is for an amount greater than that required by section 3532. If said bond should be found not sufficient to meet the requirement against the removal or disposition of property it is sufficient to comply with the provisions of section 3532. That being true, as provided in section 3532 its filing makes it incumbent upon this court to consider the questions arising on the bill of exceptions.

We do not find it necessary to determine at this time whether or not the circuit judge had jurisdiction to hear and determine on its merits the defendant's motion for a new trial. All of the exceptions, except the one to the denial of his motion for a new trial, relate to proceedings had during the course of the trial and the defendant was not obliged to file a motion for a new trial as a prerequisite to his right to incorporate them in his bill of exceptions to this court. (*Harrison* v. *Magoon,* 16 Haw. 170.)

The motion to dismiss defendant's bill of exceptions is therefore denied.