ELVIRA MAY McNALLY LORD AND MARY VIR-
GINIA LORD *v.* EDMUND JOSEPH LORD, ET
AL.

No. 2467.

Argued March 17, 1941.                    Decided March 26, 1941.

Coke, C. J. and Kemp, J.

OPINION OF THE COURT BY KEMP, J.

This is a motion to quash and dismiss a writ of error.
The principal ground of the motion is the failure of the
plaintiff in error to give bond as required by section 3556,
R. L. H. 1935, which provides:

"No writ of error shall issue until the sum of twenty-
five dollars has been deposited to cover costs, and, except
in criminal cases and cases in which there is no money
judgment, a bond has been filed with the clerk, in favor
of the prevailing party in the proceeding in which the
error is alleged to have occurred, or his personal repre-

sentatives, conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error."

By stipulation of counsel the motion was heard by the chief justice and one of the associate justices, the stipulation being executed in behalf of the plaintiff in error by counsel who entered their appearance after the motion to dismiss was filed.

The writ of error sought to be quashed and dismissed issued to review a decree in equity establishing a trust against numerous respondents, including the plaintiff in error. For details of the issues see opinion on demurrer, *ante*, p. 26 *et seq.*

The decree not only established the trust but appointed a trustee and ordered, adjudged and decreed that said trustee "have and recover from Thomas Desmond Collins and Patricia Therese Ryan Lord, as Executrix under the will, and Henry W. Helbush, as Administrator with the will annexed, of the estate of Edmund Joseph Lord, deceased, the market value of 290 shares of the capital stock of Pioneer Mill Company, Limited on June 24, 1932, plus all dividends thereon since that date, or the sum of SIX THOUSAND FORTY-SIX AND 50/100 DOLLARS ($6,046.50)." It was also ordered that New York Life Insurance Company pay over to the trustee the sum of $14,000.

Patricia Lord was sued, both as executrix and individually, and in her individual capacity alone applied for and procured the issuance of the writ of error. In compliance with section 3552, R. L. H. 1935, as amended by Act 127, Haw. Laws 1935, she caused the assignments of error and notice that a writ of error had issued to be served on all of the parties to said proceeding who did not join in the application for the writ, including herself

as executrix and Henry W. Helbush as administrator. Said section as amended provides:

"In case the judgment, order or decree sought to be reviewed was rendered against two or more persons, either or any of such persons may apply for a writ of error and for that purpose shall be permitted to use the names of all such persons. The applicant shall serve those of such persons who have not joined in the application and who can be found within the territory with a copy of the assignment of errors and notice that a writ of error has issued. Such persons shall be entitled to be heard in the supreme court; and any of them may at any time before the case is heard and within thirty days from the date of service on them of a copy of the assignment of errors and notice that a writ has issued, file in the supreme court an additional assignment of errors, a copy of which shall be served upon each of the other parties to the proceeding. All such cases shall be determined in the same manner as if all such persons had joined in the application for the writ, but no costs shall be taxed against any such person who did not join in the application nor ask to be heard in the supreme court."

Sections 3552 and 3556 are *in pari materia* and must be considered with reference to each other.

It is clear, and admitted by counsel for the plaintiff in error, that if there was a money judgment against the plaintiff in error the writ would have to be dismissed, it being admitted that the bond required by the statute was not filed. It is argued, however, first, that the decree contains no money judgment within the meaning of the statute, and second, if it does contain such a judgment, the statute does not require her to file a bond because the judgment does not run against her individually, the capacity in which she acted in applying for the writ. It is further argued that the provisions of section 3504, R. L. H. 1935,

exempt executors and administrators from the provision of section 3556 requiring a bond of the plaintiff in error as a prerequisite to the issuance of the writ. Based on the foregoing, we are asked to hold that even had the executrix and the administrator, against whom the judgment in favor of the trustee runs, applied for and procured the issuance of the writ, no bond would have been required of them. Section 3504, after providing that an appeal duly taken and perfected shall operate as an arrest of judgment and stay of execution, permits the judge to allow execution to issue, or other appropriate action to be taken, for the enforcement of the judgment pending such appeal unless the appellant shall deposit such bond as the judge shall order and approve. Another provision of the same section is to the effect that political corporations and officers, executors, administrators, guardians, trustees and receivers, acting in their official capacities, need not deposit such bond in order to prevent the enforcement of such judgment, order or decree pending the appeal.

Both reason and authority are against the contention that the portion of the decree quoted above is not a money judgment against Thomas Desmond Collins and Patricia Therese Ryan Lord, as executrix under the will, and Henry W. Helbush, as administrator with the will annexed, of the estate of Edmund Joseph Lord, deceased. It contains the usual words of a judgment for a specified sum of money and the fact that it runs against the executrix and administrator in their official capacities does not prevent it from being a money judgment. (*Fuller* v. *Aylesworth*, 75 Fed. 694; *United States Fidelity & G. Co.* v. *Ft. Misery Highway Dist.*, 22 Fed. [2d] 369.)

In *Bishop* v. *City and County*, 32 Haw. 111, 115, a writ of error sued out by the City and County of Honolulu to review a judgment against it was dismissed for its failure to file the bond required by section 3556. The reasoning

of the court in that case applies with equal force to the case at bar. The court said: "The provision of section 2529 [now 3556] requiring on writ of error a bond conditioned for the payment of judgment in the event of failure to sustain the writ is for the protection of the prevailing party in the original proceedings, in whose favor the bond is required to be filed. * * * The statute requiring bond for payment of judgment in the event therein named is general in its terms and provides no exception or exemption in favor of the city and county." Municipal corporations not being exempt from the provision requiring a bond on writ of error, certainly executors and administrators are not exempt.

This leaves for our consideration the question of whether or not the fact that there is no money judgment against the plaintiff in error does away with the necessity for filing the bond. Plaintiff in error contends that it does and cites *Stewart* v. *Spalding*, 25 Haw. 644, to show that this court has recognized that the statute could not be literally followed under all circumstances. The case relied upon merely holds that a bond in which the same person is both obligor and obligee would serve no useful purpose and that the spirit and reason of the statute should prevail over the strict letter thereof. In that case the plaintiff in error had sued the defendant in error for $90,000 and had obtained judgment for a little over $30,000, and brought the case here for review as to the adequacy of his judgment. The plaintiff in error was therefore the prevailing party and had he been required to file the bond required by the literal words of the statute, it would have obligated him to pay the judgment to himself. That would have clearly been contrary to the spirit and reason of the statute which was enacted for the protection of the prevailing party in the original proceeding. (*Bishop* v. *City and County, supra.*)

The movants, in support of their motion to dismiss the writ of error, rely upon what they assert to be the clear mandatory provisions of the statute that no writ of error shall issue until the required bond is filed. This, of course, assumes the fact which we have already found, that the decree sought to be reviewed does contain a money judgment within the meaning of the statute. It is the particular province of the legislature to prescribe the terms upon which appeals and writs of error may be prosecuted. Unless, therefore, the application of the requirement for a bond to such a case as the one at bar is found to be contrary to the spirit and reason of the statute, it must be followed.

To establish that to require a bond in the case at bar would be in accord with the spirit and reason of the statute, the defendant in error alludes to the provisions of section 3552, as to the effect of a writ of error prosecuted by less than all of those against whom the judgment, order or decree sought to be reviewed was rendered. Those provisions require the case to be determined in the same manner as if all the parties against whom the judgment, order or decree was rendered had joined in the application for the writ. It permits all such persons to file an additional assignment of errors and, whether or not they assign additional errors, to be heard in this court. In other words, a writ of error, obtained as this one was on the petition of only one of the many parties against whom the decree was rendered, enables all or any of the nonappealing parties to appear in this court and contest the decree and every part thereof, and where, as here, the money judgment is against others than the petitioner for the writ of error, the money judgment is just as much open to attack as if those against whom it was rendered had petitioned for the writ.

We conclude that this case presents no exception to the mandate of the statute that no writ of error shall issue until the prescribed bond is filed.

The motion to quash the writ of error is sustained and upon presentation a proper order dismissing the writ will be entered.

*G. M. Nowell* (also on the briefs) for the motion.

*W. R. Ouderkirk* filed a joinder for certain respondents but did not argue.

*P. Cass* (*Cass & Silver* on the brief) contra.